IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RADIAN ASSET ASSURANCE, INC.,
a New York corporation,

       Plaintiff,

vs.                                                                       No. CIV 09-0885 JB/DJS

COLLEGE OF THE CHRISTIAN BROTHERS
OF NEW MEXICO, d/b/a THE COLLEGE OF
SANTA FE, CHRISTIAN BROTHERS OF
THE COLLEGE OF SANTA FE COMMUNITY
d/b/a THE COLLEGE OF SANTA FE, a New
Mexico corporation, DR. MARK LOMBARDI,
JERRY BRISSON, and SHARON BAIN,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, filed October 19, 2009 (Doc. 13). The Court held a hearing on January 4, 2010. The primary issues are: (i) whether the Court should consider documents and facts external to the Amended Complaint when ruling upon this motion; (ii) whether the Court should dismiss the Amended Complaint for failure to state a claim because Plaintiff Radian Asset Assurance, Inc. waived its right to seek a deficiency judgment when it failed to stop a sale of Defendant College of Santa Fe's ("CSF's") assets to the City of Santa Fe ("the City"); and (iii) whether RBC Capital Markets Corporation is a necessary party to this lawsuit. The Court finds that it will not consider the extrinsic documents and facts when ruling upon this motion, that the facts alleged in the Amended Complaint do not establish, as a matter of law, that Radian Asset waived its right to bring this suit, and that RBC Capital is not a necessary party to this action. The Court thus denies the

Defendants' motion, but does so without prejudice to them renewing their motion under rule 12(b)(7) of the Federal Rules of Civil Procedure if facts come to light that show that RBC Capital is a necessary party to this action under rule 19.

## FACTUAL BACKGROUND

This case arises from the a bond issuance by the City, on behalf of CSF. On September 21, 2006, the City issued $25,000,000.00 in variable-rate bonds. See First Amended Complaint ¶¶ 1.1, 4.8, at 1, 8, filed October 8, 2009 (Doc. 12)("FAC"). CSF received the proceeds from the sale of the bonds, and was obligated to make all principal and interest payments on the bonds until they were fully paid off. See FAC ¶ 4.9, at 8-9. At the time the City issued the bonds, Defendants Mark Lombardi, Jerry Brisson, and Sharon Bain were all officers of CSF: Lombardi was President, Brisson was both Vice President of Finance and Administration, and Bain was Comptroller. See FAC ¶¶ 3.3-3.5, at 5-6. All three participated substantially in the events alleged in the FAC.

Radian Asset writes financial-guarantee insurance policies that guarantee payment of principal and interest when due on municipal bonds and other obligations. See FAC ¶ 3.1, at 3. Relevant to this case, Radian Asset issued a policy guaranteeing payment of all principal and interest on the bonds that the City issued on CSF's behalf. See FAC ¶ 3.1, at 3; id. ¶¶ 4.51-4.52, at 23. The policies are unconditional and irrevocable guarantees of payment. See id. ¶¶ 4.51-4.52, at 23.

The structure of the bond issuance was as follows: The City agreed to issue the bonds for CSF's benefit. See FAC ¶ 4.9, at 9-10. CSF retained RBC Capital to act as underwriter for the bond issue, purchasing the bonds from the City and reselling them to the investors. See FAC ¶ 4.7, at 8; Response at 4 n.2 (describing the role of an underwriter). CSF would be the obligor, responsible for paying all principal and interest on the proposed bonds, and pledged a portion of its assets as collateral for this obligation. See FAC as 4.9, at 9-10.

On March 28, 2006, RBC Capital, on the Defendants' behalf, contacted Radian to solicit the financial-guaranty insurance policy that was eventually issued. See FAC ¶ 4.16, at 10. RBC Capital provided Radian Asset with information about CSF. See FAC ¶¶ 4.18-4.19, at 11. On April 24, 2006, a Radian Asset analyst had a telephone conference with Lombardi, Brisson, and an RBC Capital representative to discuss policies. See FAC ¶ 4.21, at 11. During and after the call, the Defendants provided financial and other information about CSF to Radian Asset. See FAC ¶¶ 4.21, 4.23, at 11-12. Another Radian Asset analyst visited CSF on May 4, 2006, and the Defendants made further representations about CSF's finances and other facts during the visit. See id. ¶ 4.25, at 13-14. It was allegedly in reliance on all of these representations that Radian Asset agreed to issue the requested policy and issued commitment letters on May 24, 2006. See FAC ¶¶ 4.26-4.27, at 14-15.

According to Radian Asset, many of these statements were not true, and if it had known they were not true, it would not have agreed to insure the bond issuance. See FAC ¶¶ 4.34-4.54, at 16-24; Response at 6-9. Shortly after Radian Asset agreed to issue the policy, CSF made a public announcement that much of the financial data upon which Radian Asset relied was false. See FAC ¶¶ 4.55-4.60, at 24-27. The actual financial status of CSF resulted in CSF defaulting on its bond repayment obligations, which eventually resulted in CSF entering into an agreement with the City to sell its assets to the City for $19,500,000.00. See FAC ¶¶ 4.61-4.63, at 27-28. CSF put that $19,500,000.00 toward its bond obligation, and Radian Asset paid off the balance of the deficiency -- $4,158,040.18 -- pursuant to the policy it issued. See FAC ¶ 4.63, at 28. It is for that deficiency that Radian Asset brings its claims. See Response at 11-12.

**PROCEDURAL BACKGROUND**

On September 14, 2009, Radian Asset filed its initial Complaint asserting claims of breach of contract, contractual indemnification, violation of the New Mexico Securities Act, negligent

misrepresentation, and negligent supervision against CSF,[1] Lombardi, Brisson, and Bain. See Complaint ¶¶ 5.1-9.6, at 34-38, filed September 14, 2009 (Doc. 1). On October 10, 2009, Radian filed an Amended Complaint which properly identified CSF and updated its factual allegations.

The Defendants now move the Court, pursuant to rules 12(b)(6) and 12(b)(7), to dismiss Radian Asset's Amended Complaint with prejudice. See Motion at 1. They also filed a brief and exhibits in support of their motion. See Defendants' Brief in Support of Motion to Dismiss Plaintiffs' [sic] First Amended Complaint, filed October 19, 2009 (Doc. 14)("Brief"). The Defendants argue, in the alternative, that the Court should dismiss the Amended Complaint: (i) for failure to state a claim upon which relief can be granted because Radian Asset has implicitly waived its right to be made whole on its claims, see Motion at 2; or (ii) for failure to join a necessary party, see id.[2]

In response, Radian Asset argues that the Defendants' arguments are based on facts that are not in the Amended Complaint. Radian Asset contends that the Court should not, in ruling on this motion to dismiss, consider the additional factual assertions that the Defendants make nor the appraisal summary that they have attached to their motion. See Response at 12-13. It then argues that it never waived its right to sue CSF to be made whole by allowing the sale of CSF's assets to go forward, because: (i) Radian Asset expressly reserved its rights against CSF when CSF sold its assets to the City; and, (ii) even considering the improperly proffered evidence, the Defendants have

---

[1] In its initial Complaint, Radian Asset named as a Defendant an entity that it denominated "The Christian Brothers of the College of Santa Fe Community." The parties appear to agree that this name is a misnomer. One of the FAC's purposes was to add the intended Defendant by its proper name -- the College of the Christian Brothers of New Mexico d/b/a the College of Santa Fe.

[2] The Defendants fail to cite to any case law in support of their arguments regarding rules 12(b)(7) and 19. See Brief at 7-9 (citing only to the FAC, Moore's Federal Practice, and Fed. R. Civ. P. 19).

failed to prove waiver. See Response at 14-20. Finally, it insists that joinder of RBC Capital is not necessary to adjudication of its claims. See id. at 20-23. Radian Asset also asserts that it does not want this motion to be converted into a motion for summary judgment. See Response at 12 ("Radian is not required to request conversion of the motion into a summary judgment motion -- and does not request it -- and may instead rely on higher standards that govern motions to dismiss.").

In their reply brief, the Defendants push even harder for the Court to treat this motion as one for summary judgment, attaching four additional documents as exhibits on which they rely to support their arguments. See Defendants' Reply Brief in Support of Motion to Dismiss Plaintiff's First Amended Complaint at 2-8, filed November 20, 2009 (Doc. 19)("Reply"). They also argue about the validity of the factual assertions that Radian Asset made in the FAC, and seek to introduce evidence of clandestine collaboration between Radian Asset and RBC Capital. See Reply at 8-11. Because the Court will decline to convert this motion to one for summary judgment, it would be inappropriate for the Court to consider or decide many of the points that the Defendants make in the Reply.

At the hearing on this motion, the parties largely reiterated their arguments in the briefs. MacDonell Gordon argued for the Defendants. His arguments were highly factual and based almost exclusively on documents other than the FAC. See Transcript of Hearing at 6:4-15:16 (taken January 4, 2010)(Court, Gordon)("Tr.").[3] Mr. Gordon admitted that, without the facts extrinsic to the FAC, the Defendants could not establish waiver as a matter of law. See Tr. at 36:14-25 (Court, Gordon). Mr. Gordon also conceded that, in a normal case, an agent and principal can be sued independently, without the other being a necessary party under rule 19. See id. at 15:2216:2

---

[3] The Court's citations to transcripts of hearings refer to the court reporter's original, unedited versions. Any final transcripts may contain slightly different page and/or line numbers.

(Gordon). Gavin Skok, Radian Asset's attorney, reiterated that Radian Asset did not want this motion to dismiss to be converted to a motion for summary judgment. See id. at 19:23-25 ("Radian certainly doesn't think that this should be converted to summary judgment motion."); id. at 19:5-9 (Court, Skok). Mr. Skok informed the Court that he expected that this case would involve significant discovery that had not yet commenced. See id. at 19:5-9 (Court, Skok)("MR. SKOK: . . . [T]his is going to be a case involving a lot of discovery."). He represented that Radian Asset was unaware of the appraisal on which the Defendants rely and implied that Radian Asset would not necessarily have relied on the appraisal if it was aware of it. See id. at 23:11-24:20 (Court, Skok); id. at 26:2-6 (Skok). Mr. Skok further represented to the Court that the CSF's obligations to RBC Capital and to Radian Asset arise from different sources. See id. at 32:21-36:1 (Skok)(explaining the sources of CSF's two different monetary obligations, one to Radian Asset and one to RBC Capital). Finally, both parties concede that the FAC neither references nor incorporates the appraisal, upon which much of the Defendants' waiver argument is based. See id. at 6:11-15 (Court, Gordon); id. at 20:3-6 (Court, Skok).

## LAW REGARDING MOTIONS TO DISMISS

A motion to dismiss requires that the court determine, while accepting all facts pled in the complaint as true and granting all reasonable inferences from the pleadings in favor of the plaintiff, whether the complaint states a cause of action for which relief can be granted. See Park Univ. Enters., Inc. v. Am. Cas. Co., 442 F.3d 1239, 1244 (10th Cir. 2006). This standard remains intact even after the Supreme Court of the United States' recent decisions on rule 8's pleading requirements. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); Christensen v. Park City Mun. Corp., 554 F.3d

1271, 1276 (10th Cir. 2009)("Even after Twombly, the factual allegations need only contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'")(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Thus, a motion to dismiss does not ask the court to analyze the plaintiff's likelihood of success on the merits; rather, the court must find only a reason to believe that the plaintiff has a "reasonable likelihood of mustering factual support for the claims," Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007), and that the plaintiff's claims are "plausible," Christensen v. Park City Mun. Corp., 554 F.3d at 1276 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

A motion to dismiss is a request to dismiss a case before discovery has taken place and thus permits only an assessment whether a complaint is sufficient on its face.  In adjudicating a motion to dismiss, a court may neither grant the motion because it believes it is unlikely the plaintiff can prove the allegations, see Robbins v. Oklahoma, 519 F.3d 1242, 1246 (10th Cir. 2008), nor may it "weigh potential evidence that the parties might present at trial" in assessing the motion's merit, Duran v. Carris, 238 F.3d 1268, 1270 (10th Cir. 2001)(quoting Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999)).

Furthermore, a court must convert a motion to dismiss into a motion for summary judgment if "matters outside the pleading are presented to and not excluded by the court," and "all parties . . . [must be] given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  Fed. R. Civ. P. 12(d).  "[F]ederal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."  5C C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1366, at 159 (3d ed. 2004).  See Dobson v. Anderson, 319 Fed. Appx. 698, 702 (10th Cir. 2008); Lowe v. Town of Fairland, 143

F.3d 1378, 1381 (10th Cir. 1998)("[C]ourts have broad discretion in determining whether or not to accept materials beyond the pleadings."). Facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment. See Grynberg v. Koch Gateway Pipeline Co., 390 F.3d 1276, 1279 n.1 (10th Cir. 2004). Furthermore, when considering a motion to dismiss, "the court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." Van Woudenberg v. Gibson, 211 F.3d 560, 568 (10th Cir. 2000), abrogated on other grounds by McGregor v. Gibson, 248 F.3d 946, 955 (10th Cir. 2001). A court may consider documents to which the complaint refers if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity. See Jacobsen v. Deseret Book Co., 287 F.3d 936, 941-42 (10th Cir. 2002). If, however, a document is not incorporated by reference or attached to the complaint, but is referred to in the complaint and is central to the plaintiff's claim, the defendant may submit an "indisputably authentic copy to the court to be considered on a motion to dismiss." GFF Corp. v. Assoc. Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). See 5A C. Wright & A. Miller, Fed. Prac. & Proc. § 1327, at 438-39 (3d ed. 2004)("[W]hen the plaintiff fails to introduce a pertinent document as part of her pleading . . . the defendant may introduce the document as an exhibit to a motion attacking the sufficiency of the pleading.").

### RELEVANT LAW OF COMPULSORY JOINDER UNDER RULE 19

Rule 19 provides for the compulsory joinder, if feasible, of parties necessary for the fax adjudication of a controversy:

**(1) Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

    **(A)** in that person's absence, the court cannot accord complete relief among

>existing parties; or
>
>**(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>>**(i)** as a practical matter impair or impede the person's ability to protect the interest; or
>>
>>**(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). In determining whether a party's interests are worthy of consideration under rule 19, "the underlying merits of the litigation are irrelevant . . . unless the claimed interest is 'patently frivolous.'" Davis v. United States, 343 F.3d 1282, 1291 (10th Cir. 2003)(quoting Davis v. United States, 192 F.3d 951, 959 (10th Cir. 1999)). Moreover, the interests of the absent party may be "so aligned with those of one or more parties that the absent person's interests are, as a practical matter, protected." Davis v. United States, 343 F.3d at 1291-92.

If an absent party is necessary under the standard articulated in rule 19(a), the court must then determine whether adding that party is 'feasible.'" Citizen Potawatomi Nation v. Norton, 248 F.3d 993, 997 (10th Cir. 2001). "[I]f joinder is not feasible, the court must decide whether the absent person is 'indispensable,' i.e., whether in 'equity and good conscience' the action can continue in his absence." Id. (quoting Fed. R. Civ. P. 19(b)). Four factors inform the court's indispensability analysis: (i) the non-joined party's interests; (ii) the defendant's interest in avoiding multiple litigation, inconsistent relief, or sole liability; (iii) the court's and the public's interest in judicial economy; and (iv) the plaintiff's interest in having a forum in which to present his claims. See Davis v. United States, 343 F.3d at 1290 (citing Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 109-11 (1968)).

## ANALYSIS

The Defendants allege that Radian Asset has waived its right to sue them to recover the amount that it had to pay to satisfy the CSF's obligations under the bond issuance and that RBC Capital is a necessary party that must be joined or the case dismissed. Radian Asset argues that it did not waive its rights to reimbursement from CSF merely because it did not stop CSF from selling its assets to the City for $19,500,000.00, and further asserts that RBC Capital is not a necessary party. The Court agrees with Radian Asset on both points and will deny the Defendants' motion.

## I.   THE COURT DECLINES TO TURN THIS MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT.

The Defendants attempt to incorporate a Summary Appraisal Report ("SAR") into the record and use the SAR to support their waiver argument. Radian argues that it would be improper for the Court to consider the SAR and the additional facts -- not present in the FAC -- that the Defendants assert in their motion to dismiss. The Court agrees with Radian Asset. While the Court has discretion to consider materials outside of the Amended Complaint under certain circumstances and under certain conditions, the Court has great discretion in deciding whether to consider such outside materials on a motion to dismiss. See Lowe v. Town of Fairland, 143 F.3d at 1381 (10th Cir. 1998); 5C C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1366, at 159. In this case, the Court finds that consideration is not appropriate. The FAC did not mention or rely upon the SAR in any way, see Tr. at 6:2-15 (Court, Gordon), and it is of disputable value in resolving the issue of waiver. Furthermore, Radian Asset asserted that it did not wish for this motion to be converted into a motion for summary judgment and argues that discovery is necessary before the Court can resolve the waiver issue. See Response at 12 ("Radian is not required to request conversion of the motion into a summary judgment motion -- and does not request it . . . ."); Tr. at 19:23-25 (Skok)("Radian

certainly doesn't think that this should be converted to summary judgment motion."); id. at 19:5-9 (Court, Skok).[4]  The Court will thus not consider the SAR or any other document or extrinsic fact that the Defendants presented in their motion, other than those referred to or incorporated into the FAC.  See Jacobsen v. Deseret Book Co., 287 F.3d at 941-42.  Likewise, the Court will not consider any of the documents discussed in Radian Asset's response unless the FAC refers to or incorporates them.

## II.   THE FAC'S FACTS, STANDING ALONE, CANNOT SUPPORT THE DEFENDANTS' WAIVER ARGUMENT.

The Defendants' waiver argument is unsustainable without the extrinsic facts that are not in the FAC.  The waiver argument is essentially that: (i) CSF was worth approximately

---

[4] The Defendants argue that Radian Asset has consented to the conversion of this motion into one for summary judgment by relying, in part of its response, on documents outside the FAC's four corners.  The Tenth Circuit has found that, if the Court were to convert, Radian Asset's decision to "respond[] in kind, rather than objecting to the introduction of materials outside the pleadings" would waive Radian Asset's argument that the conversion was improper.  Bldg. & Constr. Dep't v. Rockwell Int'l Corp., 7 F.3d 1487, 1496 (10th Cir. 1993).  See Marquez v. Cable One, Inc., 463 F.3d 1118, 1120-21 (10th Cir. 2006)(finding no error where district judge converted motion to dismiss to one for summary judgment where response indicates plaintiff's knowledge that the motion might be converted).  While Radian Asset might have run a risk of waiving an argument by attaching documents, the Court does not believe that Radian Asset's actions take away the Court's discretion whether to convert.  See Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1214-15 (10th Cir. 2007)(accepting without comment that the district court "did not convert KOB-TV's motion to dismiss into one seeking summary judgment, despite the fact that the parties had submitted to the court evidence outside the pleadings.")(emphasis added); 5C C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1366, at 150-59 (noting that "[e]ither the pleader or the moving party or both may bring the conversion provision into operation by submitting matter that is outside the challenged pleading," and yet that "federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings.").  Moreover, the Court reads those arguments regarding extrinsic material in Radian Asset's response as contingent arguments, to be considered only if the Court decides to consider extrinsic materials.  The Court understands how Radian Asset might be uncomfortable not fighting fire with fire if the judge is going to allow the Defendants to use the fire they provided in their motion.  In short, the Court will not convert the motion to one for summary judgment solely because Radian attached some documents to its response after the Defendants had attached some to their motion.

$53,000,000.00, and Radian was aware of that value;[5] (ii) Radian Asset was aware that the City was buying CSF for $19,500,000.00, and that money was going to be put toward paying off CSF's indebtedness on the bonds; (iii) Radian Asset and RBC Capital were involved in the transaction; (iv) at the close of the transaction, Radian Asset and RBC Capital released their liens on CSF's property; and, (v) because Radian Asset knew that CSF was worth substantially more, yet did not oppose the sale for $19,500,000.00, and released the liens following the sale, Radian Asset impliedly waived its right to bring claims against CSF for the $4,185,000.00 of the bond obligation that Radian Asset paid under the insurance policy. See Motion at 4-6.  Of those predicate facts, however, the FAC asserts only that the transaction was closed on September 16, 2009, and that CSF sold all of its assets to the City for $19,500,000.00. See FAC ¶ 4.63, at 28.

New Mexico law, which a federal court sitting in New Mexico must apply to state-law causes of action in diversity cases, see Perlmutter v. United States Gypsum Co., 54 F.3d 659, 662 (10th Cir. 1995), defines waiver as "the intentional relinquishment or abandonment of a known right." J.R. Hale Contracting Co. v. United N.M. Bank, 110 N.M. 712, 716, 799 P.2d 581, 585 (1990). See Young v. Seven Bar Flying Servs., Inc., 101 N.M. 545, 547, 685 P.2d 953, 955 (1984). The intent to waive contractual obligations or conditions may be implied from a party's representations -- even if they fall short of an express declaration -- or from a party's conduct. See J.R. Hale Contracting Co. v. United N.M. Bank, 110 N.M. at 716, 799 P.2d at 585.

Waiver is an affirmative defense, see Fed. R. Civ. P. 8(c)(1), and thus a motion to dismiss under rule 12(b)(6) based on waiver will not be granted unless the allegations of the complaint

---

[5] The Court notes that, for this fact to be relevant to the analysis, the Court must not only accept that Radian Asset was aware of CSF's appraised value, but also that Radian Asset believed the appraised value to be relatively accurate. Radian Asset does not concede either point. See Tr. at 23:11-24:20 (Court, Skok); id. at 26:2-6 (Skok).

affirmatively establish waiver, see Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965). Even if the Court were to consider all of the Defendants' asserted facts to be true -- in the FAC and otherwise -- it would be reluctant to find waiver proved conclusively. New Mexico law recognizes that waiver is a question of fact, and the analysis is focused on the waiving party's intent. See C&H Constr. & Paving Co. v. Citizens Bank, 93 N.M. 150, 161, 597 P.2d 1190, 1201 (Ct. App. 1976). There are too many other possible explanations for Radian Asset's decision to allow CSF to proceed with its sale to the City and a limited factual record available to the Court. The Court finds that intent is an issue that should await further factual development.

Moreover, the Court need not, and indeed should not, take as true the facts that the Defendants allege. Specifically, the Defendants support their contention that Radian Asset believed that CSF's value was over $50,000,000.00 with an appraisal document that, the parties agree, the FAC neither references to nor incorporates. See Tr. at 6:11-15 (Court, Gordon); id. at 20:3-6 (Court, Skok). Without that document -- i.e., without Radian Asset believing that CSF was worth more than twice the value that the City was paying for it -- the logic behind the Defendants' waiver argument comes into question. If Radian Asset did not know that its interest in CSF assets was worth more than the $19,500,000.00 that eventually went toward satisfying CSF's bond obligations, Radian Asset would have no reason to try to stop the sale. After all, whether Radian Asset foreclosed on the assets in which it had a security interest or CSF sold them to a third party, the sale proceeds would go to the same place. The arguments of Mr. Gordon in the hearing, which were based on numerous exhibits, further convince the Court that the existence of waiver is a highly factual issue that the Court should not take up at this time. See Tr. at 6:4-15:16 (Court, Gordon). See also id. at 19:5-9 (Court, Skok)("MR. SKOK: . . . [T]his is going to be a case involving a lot of discovery."). Furthermore, Mr. Gordon conceded that the FAC's facts, standing alone, do not establish waiver.

See id. at 36:14-25 (Court, Gordon). In short, the Court will deny the Defendants' rule 12(b)(6) motion to dismiss.

### III. THE COURT DOES NOT FIND THAT RBC CAPITAL IS A NECESSARY PARTY, BUT WILL DENY THIS ASPECT OF THE DEFENDANTS' MOTION WITHOUT PREJUDICE.

The Defendants make two related arguments to support their position that RBC Capital is a necessary party that must be joined for just adjudication. First, the FAC alleges many of the same bad acts against RBC Capital as is does against the Defendants, referring to RBC Capital almost as though it is an agent of CSF, and yet Radian Asset has chosen not to join RBC Capital as another Defendant in this action. See Motion at 7-8; Reply at 9-10. Second, at this time, RBC Capital seeks sums of money from the Defendants that they believe to be the same sums that Radian Asset is seeking from them. See Reply at 9-11.[6] The Court finds that neither basis supports finding that RBC Capital is a necessary party under rule 19.

First, the Court is unaware of any authority that says that a joint tortfeasor is a necessary party under rule 19. On the contrary, the plaintiff is generally the master of its complaint, and has the right to assert some claims and not assert others. Frequently a party will settle with one of multiple defendants, leaving the others to go through the litigation and trial process. The same is true of an agent and principal, as the Defendants concede. See Tr. at 15:22-16:2 (Gordon). Plaintiffs are free to assert claims against one, the other, or both. If the Defendants believe that they are being held liable for injuries that RBC Capital caused, rule 14 provides a mechanism for joining RBC Capital as a third-party defendant. See Fed. R. Civ. P. 14(a)(1)("A defending party may, as

---

[6] This arrangement is somewhat awkward because the Defendants' first basis for mandatory joinder would seem to ask the Court to join RBC Capital as a co-defendant, while the second would appear to ask the Court to join RBC Capital as a co-plaintiff to Radian Asset.

third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."). The law also provides that, if the Defendants choose not to, or are not permitted to, join RBC Capital as a third-party defendant, they may be able to bring a separate claim against it for indemnity or contribution.

The Court finds that, even in RBC Capital's absence, on the claims that Radian Asset asserts, the Court can "accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Adjudication in RBC Capital's absence could impair or impede its ability to protect its interest only if the Court assumes that the Defendants can satisfy only one judgment, see Fed. R. Civ. P. 19(a)(1)(B)(i), and RBC Capital has not raised this concern. If RBC Capital raises this concern, the Court will address the problem at that time. Finally, while allowing this case to go forward, knowing that RBC Capital has made a demand of over $3,000,000.00 on CSF, may subject CSF to "multiple" liabilities, these liabilities are distinct and not inconsistent. The Court will therefore deny the Defendants' motion for mandatory joinder and/or dismissal on the basis that Radian Asset should be asserting claims against RBC Capital as well as against the Defendants.

Finally, there is no fact set forth in the FAC, nor in any document that the Court has identified or had brought to its attention, which demonstrates that the money that RBC Capital is demanding from the Defendants by their letter of September 29, 2009 is the same money that Radian Asset is seeking from the Defendants in this lawsuit. Mr. Skok represented to the Court that CSF's obligations to Radian Asset and to RBC Capital arise from different sources. See Tr. at 32:21-36:1 (Skok)(explaining the sources of CSF's two different monetary obligations, one to Radian Asset and one to RBC Capital). Mr. Gordon, although still asserting that RBC Capital is a necessary party, did not contest this assertion in the hearing. See id. at 41:18-42:21 (Court, Gordon). The Court has no reason to question Mr. Skok's representation at this time. The Court will thus deny the

Defendants' motion to dismiss and/or force joinder of RBC Capital without prejudice to it being re-urged if, later, the Defendants can demonstrate for the Court that RBC Capital is a necessary party under rule 19.

**IT IS ORDERED** that the Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is denied without prejudice to the Defendants filing another motion to dismiss under rule 12(b)(7) if facts are uncovered that demonstrate that RBC Capital Markets Corporation is a necessary party to this action.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Jeffrey R. Brannen
Comeau, Maldegen, Templeman & Indall, LLP
Santa Fe, New Mexico

-- and --

Daniel J. O'Friel
Pierre Levy
Aimee Sue Bevan
O'Friel and Levy, PC
Santa Fe, New Mexico

-- and --

Gavin Skok
John Lowery
Riddell Williams, P.S.
Seattle, Washington

*Attorneys for the Plaintiffs*

William Arland
MacDonell Gordon
Santa Fe, New Mexico

    *Attorneys for the Defendant*