IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RADIAN ASSET ASSURANCE, INC.,

    Plaintiffs,

vs.                                                                               No. CIV 09-0885 JB/DJS

COLLEGE OF THE CHRISTIAN BROTHERS OF
NEW MEXICO, known as THE COLLEGE OF
SANTA FE; CHRISTIAN BROTHERS OF THE
COLLEGE OF SANTA FE COMMUNITY d/b/a
THE COLLEGE OF SANTA FE, a New Mexico
corporation; DR. MARK LOMBARDI, an individual,
JERRY BRISSON, an individual, and SHARON
BAIN, an individual,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Letter from Gavin W. Skok to the Court (dated July 23, 2010), filed July 23, 2010 (Doc. 98); (ii) the Letter from Clifford K. Atkinson to the Court (dated July 23, 2010), filed July 23, 2010 (Doc. 90); (iii) Letter from Clifford K. Atkinson to the Court (dated July 24, 2010), filed July 24, 2010 (Doc. 91); (iv) Letter from Clifford K. Atkinson, Douglas A. Baker, Justin D. Rodriguez to the Court (dated July 28, 2010), filed July 28, 2010 (Doc. 94); (v) Letter from Gavin W. Skok to the Court (dated July 28, 2010), filed July 28, 2010 (Doc. 99); and (vi) Letter from Clifford K. Atkinson, Douglas A. Baker, Justin D. Rodriguez to the Court (dated July 28, 2010), filed July 28, 2010 (Doc. 95). The Court held a hearing on July 28, 2010. The primary issue is what schedule the Court should impose upon the parties for the review and production of the Defendants' documents that are currently in the

possession of third party Laureate Education, Inc. ("the Laureate documents").

On July 13, 2010, the Court held a hearing at which it set forth several scheduling dates for this case. One issue that the Court did not address at the hearing, or in the Memorandum Opinion and Order memorializing the schedule set during the hearing, was the process by which the parties would discover the Laureate documents. At that time, the Court gave the parties ten days to determine between themselves how discovery of those documents would proceed. In the event that the parties could not come to an agreement, the Court set a hearing for July 28, 2010, at which time the Court would resolve the issue for the parties. The parties did not come to an agreement, and so the Court and parties resolved the issue at the July 28, 2010 hearing. This Memorandum Opinion and Order now memorializes the schedule and procedure determined at the hearing.

The Court was initially inclined to require the Defendants to produce those documents within thirty days of the July 28, 2010 hearing, but the Defendants requested additional time because of the volume of documents. As the Court stated, it appears the Defendants acknowledge that the Laureate documents are their documents and that they are responsible for acquiring them for Radian Asset. It also appears that they are making an effort to get them.[1] Because the Defendants appear to be making a good-faith effort to provide Radian Asset with the Laureate documents, the Court agreed

---

[1] The Defendants represented that they have completed the review and scanning of the paper documents in Laureate's possession. They represented that the universe of paper documents was between 1,500,000 and 2,000,000 pages, and that approximately 300,000 to 400,000 of those were potentially responsive to one or more of Radian Asset's requests for production. They estimate that they will eventually produce between 250,000 and 300,000 of those pages to Radian Asset. This production is in addition to the 44,000 documents that the Defendants have already turned over, and the estimated 55,000 documents in the Defendants' possession that it has yet to produce. Jeffrey Brannen, Radian Asset's local attorney, noted that the Radian Asset is satisfied with the efforts which the Defendants are making to provide it with the documents. Mr. Brannen stated that the only issue for the Court to resolve with respect to the paper documents -- as opposed to the electronically stored information ("ESI") -- is the dates on which the Defendants must begin turning those documents over to Radian Asset.

to be flexible and push the deadlines back somewhat.

The Defendants ask the Court to make the deadline for producing the Laureate documents thirty days after August 12, 2010, i.e., thirty days after the current deadline for producing documents in the Defendants' possession. That deadline would allow the Defendants to focus their efforts on producing the documents in their possession and then shift to focus on the Laureate documents. The Laureate documents would then be due September 13, 2010.[2] Radian Asset had some concern about pushing the deadline back as far as September 13, 2010. Gavin Skok, one of Radian Asset's attorneys, expressed a desire to have some of the Laureate documents available for depositions that are scheduled to take place September 7 and 8, 2010. For that reason, Mr. Skok suggested the Court require production before September 7 or implement a rolling production schedule so that Radian Asset could have documents as they become available.

The Court proposed a compromise and, with some modification, the parties agreed. By the end of business on Friday, September 3, 2010, the Defendants should send the first batch of Laureate documents to Radian Asset. That batch should reflect the Defendants' good-faith, professional judgment as to which documents are most responsive to the following four requests, outlined in Mr. Skok's July 28, 2010 letter:

> (2) Documents and communications that refer or relate to the Material Events Notice or the events discussed therein, including but not limited to the investigation, drafting, review and approval of the Notice;
>
> (3) Documents and communications that refer or relate to Radian, the Bonds or the Swap (as those terms are defined in Radian's discovery requests), including but not limited to any "Bond" file or "Swap" file or "Radian" file kept by the College or its employees or officers;

---

[2] The deadline would be September 11, 2010, but that is a Saturday. September 13 is the next day that is not a Saturday, Sunday, or legal holiday.

\* \* \* \*

(5) Any files, working files, work papers, documents and communications that were kept, received or created by the individual defendants (Dr. Lombardi [or] Jerry Brisson) that refer or relate in any way to the Bonds, the Swap, the Material Events Notice, Radian, or any of the subject matters of this lawsuit or defendants' defenses; and

(6) The personnel files for . . . Dr. Lombardi[] and Mr. Brisson.

Letter from Gavin W. Skok to the Court at 1-2 (dated July 28, 2010). The Defendants should use their best efforts to ensure that they review documents in an order that maximizes the likelihood that responsive documents will be found by the September 3, 2010 deadline.[3] The Defendants must produce the remainder of the responsive documents by close of business on Monday, September 13, 2010.

With respect to Defendants Mark Lombardi and Jerry Brisson's personnel files, the counsel for CSF expressed a desire to turn over the personnel files first to counsel for the individual Defendants, allowing those attorneys to decide whether to turn the document over or object to the request for production. Mr. Skok stated that he had no problem with that procedure. The Court therefore orders that CSF's counsel shall produce individual Defendants' personnel files to the individual Defendant's counsel, rather than to Radian Asset. The individual Defendant's attorney will then decide whether to produce the file to Radian Asset, or to object and withhold the file. The parties should note, however, that all parties are bound by the deadlines set forth above. CSF should thus be sure to produce the personnel files to the individual Defendants before the applicable

---

[3] For example, the attorneys for the individual Defendants should personally speak with their clients and try to find out where documents relating to each of the above-listed topics are likely to be found. Those attorneys must then talk to the attorney for Defendant College of the Christian Brothers of New Mexico d/b/a the College of Santa Fe ("CSF") and provide as much information about the location of relevant documents as possible, consistent with the client's attorney-client privilege and work-product protections. The review of documents for production should begin there.

deadline, and with sufficient time to allow the individual Defendants to review the file and decide whether to produce the file or otherwise respond to the request for production.

Specifically with respect to the ESI in Laureate's possession, Mr. Skok expressed a concern that the Radian Asset knows little or nothing about the structure of the file system or where any particular category of file would be found. He expressed a desire to learn how CSF's file system, now in Laureate's possession, looks. He also stated that he had reason to believe that Defendant Sharon Bain has personal knowledge of the structure of the file system and the location of relevant documents therein. Having this information, Mr. Skok asserted, could save the Radian Asset substantial time that would otherwise be spent mapping out CSF's data-storage drives.

Mr. Skok thus proposes a two-step process for dealing with ESI. First, the Defendants will help educate Radian Asset as to where -- both on what media and in what directories -- relevant ESI is stored. Second, the parties will discuss the scope of discovery and for what Radian Asset is looking in those data storage devices. In essence, however, Mr. Skok did not want the Court to take any specific action at this time. The Court thus orders that the parties submit a status report on the parties' progress in resolving the ESI issue by August 9, 2010.[4] The Court will also schedule a hearing on August 13, 2010, at 8:30 a.m., to discuss what, if any, action the Court needs to take to keep the discovery process moving swiftly and smoothly toward the trial of this case.[5]

Finally, in the interest of decreasing the amount of ESI through which the parties must

---

[4] The parties may submit the status report by letter. The parties are encouraged to file a joint status report, but, if they are unable to agree relatively quickly on the content of that report, separate letters reflecting each party's understanding of the status of the ESI-discovery process is acceptable.

[5] As the Court commented in the hearing, there appears to be no sound reason to shift the discovery costs in this case. The Defendants are, of course, free to file a motion to shift costs, but the Court will not shift the costs on the facts before it.

eventually wade, the Court blesses the Defendants' attempts to segregate that universe of ESI documents. The Defendants should make every effort to keep Radian Asset apprised of what actions it is taking in that regard. The Court also orders that CSF make at least one of its Information Technology ("IT") personnel available to meet with Mr. Brannen on Friday, August 6, 2010, to discuss what the IT personnel know about the file systems and data storage practices of CSF. CSF should control how much and what information is disclosed, and can protect any privileged or work-product material; the meeting is not a deposition. On the other hand, the Defendants are encouraged to be as open and forthcoming as possible to promote and facilitate the discovery of the ESI material. Moreover, counsel for the individual Defendants are instructed to speak with their clients, and attempt to acquire whatever information the client may have about how and where data was stored, i.e., on what types of devices and on what form of media. The individual Defendants' counsel are then encouraged to share that information with Radian Asset, to the extent that it does not violate any attorney-client privilege or ethical obligation.

**IT IS ORDERED** that: (i) the Defendants must make their first production of the documents in the third-party Laureate Education, Inc.'s possession, in response to requests 2, 3, 5, and 6 (except as to Defendant Sharon Bain) in Plaintiff Radian Asset Assurance, Inc.'s July 28, 2010 letter to the Court, filed July 28, 2010 (Doc. 99), by the end of business on September 3, 2010; (ii) the Defendants must make their second and final production of the Laureate documents by the end of business on September 13, 2010; (iii) Defendant Christian Brothers of the College of New Mexico d/b/a the College of Santa Fe will make at least one of its Information Technology personnel available to speak with Radian Asset's counsel on August 6, 2010; (iv) the parties must submit a status report regarding discovery of the electronically stored information in Laureate's possession by August 9, 2010; and (iv) the parties and Court will meet for a status conference on the ESI issue

at 8:30 a.m. on August 13, 2010.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Daniel J. O'Friel
Pierre Levy
Aimee Sue Bevan
O'Friel and Levy
Santa Fe, New Mexico

-- and --

Jeffrey R. Brannen
Jeffrey R. Brannen, P.A.
Santa Fe, New Mexico

-- and --

Gavin W. Skok
John D. Lowery
Riddell Williams, P.S.
Seattle, Washington

  *Attorneys for the Plaintiff*

Clifford K. Atkinson
Douglas A. Baker
Justin Duke Rodriguez
Atkinson, Thal & Baker, P.C.
Albuquerque, New Mexico

  *Attorneys for Defendant College of the Christian Brothers of New Mexico and*
   *Christian Brothers of the College of Santa Fe Community*

W. Spencer Reid
Benjamin F. Feuchter
Keleher & McLeod, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant Sharon Bain*

Joe L. McClaugherty
Tamara R. Safarik
McClaugherty & Silver, P.C.
Santa Fe, New Mexico

    *Attorneys for Defendant Jerry Brisson*

Michael Brennan
Brennan & Sullivan, P.A.
Santa Fe, New Mexico

    *Attorneys for Defendant Mark Lombardi*