IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RADIAN ASSET ASSURANCE, INC.,
a New York corporation,

      Plaintiff,

vs.                                                                                    No. CIV 09-0885 JB/DJS

COLLEGE OF THE CHRISTIAN BROTHERS OF
NEW MEXICO, known as THE COLLEGE OF
SANTA FE; CHRISTIAN BROTHERS OF THE
COLLEGE OF SANTA FE COMMUNITY d/b/a
THE COLLEGE OF SANTA FE, a New Mexico
corporation; DR. MARK LOMBARDI, an individual,
JERRY BRISSON, an individual, and SHARON
BAIN, an individual,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Letter from Gavin Skok to the Court (dated August 23, 2010), filed August 23, 2010 (Doc. 113); and (ii) the Letter from Clifford K. Atkinson, Douglas A. Baker, and Justin D. Rodriguez to the Court (dated August 23, 2010), filed August 23, 2010 (Doc. 114). The Court held a hearing on August 24, 2010. The primary issues are: (i) whether Defendant Christian Brothers of the College of New Mexico d/b/a the College of Santa Fe's ("College") should disclose the files from its former counsel pursuant to an agreement between the College and Plaintiff Radian Asset Assurance, Inc.; and (ii) how to proceed with discovery regarding the College's electronically stored information ("ESI"). For the reasons stated on the record, and for further reasons consistent with those already stated, the Court will order the College to produce the non-privileged documents in the files of its former counsel and to produce its ESI consultant to facilitate a search of the College's files from seven custodians.

**ANALYSIS**

While the College has produced some of its former counsel's files, it needs to complete that task. The parties are also stuck in their negotiations over the search of the College's ESI. The Court will also order some resolutions to get the search started.

**I.    THE COURT WILL ORDER THE COLLEGE TO PRODUCE THE NON-PRIVILEGED DOCUMENTS FROM ITS FORMER COUNSEL.**

Radian Asset and the College, through its former counsel, agreed on March 23, 2010, to voluntarily obtain and produce non-privileged documents from the files of their respective outside counsel related to the matters at issue in this lawsuit. Pursuant to that agreement, Radian Asset produced to the College over 17,000 pages of documents from its outside counsel. The parties dispute whether the College has produced any of the non-privileged files from its former counsel and whether the College's new counsel has confirmed that it will produce these materials. The materials at issue are files related to the claims and defenses in this litigation from three individuals and their respective law firms: (i) Nancy Long, the College's disclosure counsel in connection with the bonds and the Material Events Notice; (ii) Richard Virtue, the College's bond counsel for the bonds and the Material Events Notice; and (iii) Perry Bendicksen, the College's counsel in connection with its sale and the alleged waiver and release defenses raised in the College's answer. Radian Asset asserts that the College has produced nothing, and the College asserts that it has produced the documents that relate to Virtue as part of its Second Supplemental Production of Documents on August 12, 2010, and that it is actively working on obtaining the information from Long and Bendicksen, efforts about which the College has notified Radian Asset on August 12, 2010.

For reasons stated on the record, the Court orders the College to contact Long and

Bendicksen, and instruct them to file a letter to the Court by the end of business on August 27, 2010, stating when their files will be in the College's possession. The College will file a letter to the Court by 5:00 p.m. on August 30, 2010, stating when the College will be able to produce the attorney files to Radian Asset.

## II.  DISCLOSURE OF THE COLLEGE'S ELECTRONICALLY STORED INFORMATION

At a the hearing on August 13, 2010, the Court directed the parties to confer in good faith regarding an initial search and production of the College's ESI, focusing only on electronic-mail transmissions. This search will be without prejudice to future requests by Radian Asset for further search and production of additional ESI. Specifically, the Court directed the parties to focus on reaching an agreement on limiting the number of custodians and the search terms for electronic mail.

These discussions have been unsuccessful, and the parties continue to disagree on how to proceed with searching and disclosing the College's ESI. Radian Asset seeks to have the College first determine and disclose the volume and nature of the ESI before it negotiates search terms, while the College prefers to begin negotiating search terms before determining and disclosing information about the ESI. The parties also disagree on the number of custodians the Court should allow the Radian Asset to use. Radian Asset requests that the Court allow them to use eight custodians, while the College asks that the Court limit Radian Asset to only five custodians.

For reasons stated on the record, the Court will order the College to make its consultant available to telephonically confer directly with Radian Asset's ESI consultant, in the presence of counsel, in a good-faith effort to determine the amount and condition of ESI currently in the College's possession. Counsel for the College may limit its disclosure through its consultant

consistent with the attorney-client privilege and the work-product doctrine. This discussion will include, but is not necessarily limited to, providing the information that Radian Asset has requested regarding the College's hard drives and the structure of the College's file server. This discussion must occur no later than five o'clock in the afternoon on August 31, 2010. Upon completion of this conference, the parties shall confer in good faith to negotiate search terms for an appropriate substantive search. In addition, to avoid further disputes over custodians, the Court orders that the appropriate custodians for this first ESI review are: (i) Dr. Mark Lombardi; (ii) Jerry Brieson; (iii) Sharon Bain; (iv) Dr. Stuart Kirk; (v) David Rivard; (vi) Domingo Sanchez; and (vii) Frank Rendon. The Court will not order the search of Wendy Hill's documents at this time.

**IT IS ORDERED** that the requests in the parties' August 23, 2010, letters to the Court are granted in part and denied in part: (i) Defendant Christian Brothers of the College of New Mexico d/b/a the College of Santa Fe ("College") will contact Nancy Long and Perry Bendicksen, and instruct them to file a letter with the Court by the end of business on August 27, 2010, stating when their files will be in the College's possession; (ii) the College will file a letter with the Court by 5:00 p.m. on August 30, 2010, stating when the College will be able to produce the attorney files to Plaintiff Radian Asset Assurance, Inc.; (iii) the College will make its consultant available to telephonically confer directly with Radian Asset's electronically stored information ("ESI") consultant, in the presence of counsel, in a good-faith effort to determine the amount and condition of ESI currently in the College's possession; (iv) once such information is known, Radian Asset and the College shall confer in good faith to negotiate search terms for an appropriate substantive search; and (v) the appropriate custodians for this first ESI review are: (a) Dr. Mark Lombardi; (b) Jerry Brieson; (c) Sharon Bain; (d) Dr. Stuart Kirk; (e) David Rivard; (f) Domingo Sanchez; and (g) Frank

Rendon.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Daniel J. O'Friel
Pierre Levy
Aimee Sue Bevan
O'Friel and Levy
Santa Fe, New Mexico

-- and --

Jeffrey R. Brannen
Jeffrey R. Brannen, P.A.
Santa Fe, New Mexico

-- and --

Gavin W. Skok
John D. Lowery
Riddell Williams, P.S.
Seattle, Washington

    *Attorneys for the Plaintiff*

Clifford K. Atkinson
Douglas A. Baker
Justin Duke Rodriguez
Atkinson, Thal & Baker, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant College of the Christian Brothers of New Mexico d/b/a*
      *Christian Brothers of the College of Santa Fe Community*

W. Spencer Reid
Benjamin F. Feuchter
Cassandra R. Malone
Keleher & McLeod, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant Sharon Bain*

Joe L. McClaugherty
Tamara R. Safarik
McClaugherty & Silver, P.C.
Santa Fe, New Mexico

    *Attorneys for Defendant Jerry Brisson*

Michael Brennan
Brennan & Sullivan, P.A.
Santa Fe, New Mexico

    *Attorneys for Defendant Mark Lombardi*