IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RADIAN ASSET ASSURANCE, INC.,

       Plaintiffs,

vs.                                                                             No. CIV 09-0885 JB/DJS

COLLEGE OF THE CHRISTIAN BROTHERS OF
NEW MEXICO, known as THE COLLEGE OF
SANTA FE; CHRISTIAN BROTHERS OF THE
COLLEGE OF SANTA FE COMMUNITY d/b/a
THE COLLEGE OF SANTA FE, a New Mexico
corporation; DR. MARK LOMBARDI, an individual,
JERRY BRISSON, an individual, and SHARON
BAIN, an individual,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Letter from Clifford K. Atkinson, Douglas A. Baker, and Justin D. Rodriguez to the Court (dated August 26, 2010), filed August 26, 2010 (Doc. 117); (ii) the Letter from Clifford K. Atkinson, Douglas A. Baker, and Justin D. Rodriguez to the Court (dated August 30, 2010), filed August 30, 2010 (Doc. 118); and (iii) the Letter from Clifford K. Atkinson, Douglas A. Baker, Justin D. Rodriguez to the Court (dated August 30, 2010), filed August 30, 2010 (Doc. 119). The Court held a hearing on August 31, 2010. The primary issues are: (i) what search terms the parties will use to search Defendant Christian Brothers of the College of New Mexico d/b/a the College of Santa Fe's electronically stored information ("ESI"); (ii) what time period to use for searching the ESI; (iii) whether the College should first provide a report of the results of the search of the ESI or produce the actual files; (iv) whether Plaintiff Radian Asset Assurance, Inc., is entitled to review all ESI the College examines that falls

outside of the search parameters; and (v) whether the Court should amend its Memorandum Opinion and Order, filed August 2, 2010 (Doc. 100), to require that the College produce documents in the third-party Laureate Education, Inc.'s possession to Radian Asset's attorney in Seattle by the end of business on September 3, 2010.

On August 24, 2010, the Court directed the parties, upon determining the nature of the College's ESI, to confer in good faith to negotiate search terms for an appropriate substantive search. The Parties have made progress towards settling on what terms to use, but have not come to an agreement, so the Court and parties resolved the issue at the hearing on August 31, 2010. This Memorandum Opinion and Order now memorializes the search procedures and other issues resolved at that hearing.

Radian Asset proposes seven categories of search terms to use for searching College's ESI. See Radian Asset Assurance's First ESI Search Protocol Proposal -- August 27 2010, filed August 30, 2010 (Doc. 118-2)("Radian Asset's Proposal"). Categories 1-6 request all electronically transmitted mail from various parties and domains, while category 7 is a list of search expressions.[1] See Radian Asset's Proposal at 1. The College agrees to use the search terms in category 7, but argues that the request for the electronically transmitted mail expands the scope of the search and, that Radian Asset already has the electronically transmitted mail in its possession or can obtain them from other sources. Radian Asset argues that it is entitled to discover the electronically transmitted

---

[1] Category 7 provides the following "[p]roposed search terms for emails and electronic documents: bond, bonds, deficit & 2006, deficit & FY06, deficit & 'FY 06,' 'due diligence,' 'interest rate exchange,' IREA, management! 13 discussion, 'Material Events Notice,' MD&A, 'MD&A,' 'MD&A,' 'offering document,' 'Official Statement,' OS, POS, Radian, RBC, 'Royal Bank,' shortfall & 2006expressions." Radian Asset's Proposal at 1-2 (footnote omitted). At the hearing, Radian Asset noted that some modification of these terms may be necessary.

mail, that it is not required to obtain them elsewhere, and that, furthermore, other sources may have different document retention policies which may render the electronically transmitted mail unavailable elsewhere. Radian Asset further argues that adding the electronically transmitted mail to the search would create no additional burden. For the reasons stated on the record, the Court orders that, for the initial search of the ESI, the College will be only be required to use the terms in category 7 of Radian Asset's Proposal. While the electronically transmitted mail will likely need to be produced in the future, the Court will leave that to be addressed at a later date.

The parties also disagreed on what date range to use for the search of the ESI. The College argues for using a range from October 1, 2005, to September 16, 2009. Radian Asset argues for using a range from January 1, 2005, to September 16, 2009. The College argues that Radian Asset has not justified expanding the search to include the time period. Radian Asset asserts that it believes communication about financing and bonding may have occurred earlier in 2005. Radian Asset notes that the school's fiscal year does not start until June, and Radian Asset wants to capture discussions contemplating fiscal year 2006. The Court orders that, for the initial search, the College shall use the range of January 5, 2005, to September 16, 2009. The Court thinks Radian Asset is justified in requesting the expanded time period because Radian Asset is entitled to some latitude, and it makes a reasonable request. Also, the Court routinely allows discovery back five years, cf. D.N.M.LR-Civ.26.3(d) ("In all cases in which the physical or mental medical condition of a party is an issue, the party whose condition is an issue must make a good faith effort to produce . . . a list of the name, address and phone number of any healthcare provider . . . which have treated the party within the last 5 years preceding the date of the occurrence set forth in the pleadings . . . [and] all records of such healthcare providers which are already in that party's possession . . . ."), and Radian Assets' request is less than the Court often allows in discovery disputes.

The parties also dispute whether the College initially should be required to produce only a report of the results of the search or if it should be required to produce the actual files the search reveals. The College argues that it cannot predict the result of the search and that the volume may be substantial. Consequently, the College prefers to first determine the volume of files the search will produce and then negotiate how to proceed. Radian Asset argues that the College should produce the actual files, because the parties have already narrowed the scope of the search by limiting the search terms. For the reasons stated on the record, the Court orders that the College need only produce a report of the initial search results by 5:00 p.m. on September 8, 2010, and that the parties and the Court can then discuss the results and determine if issues exist at the hearing at 3:00 p.m. on September 10, 2010.

In addition to the search terms Radian Asset proposed, it also requested that the College produce, "[r]egardless of whether it falls within any of the categories above, any ESI that the College reviewed on its own that relates to any of the issues or defenses in this case that the College concluded did not fit within Radian's narrowed search terms." Radian Asset's Proposal at 2. Radian Asset argues that this disclosure is necessary to avoid prejudicing it by limiting Radian Asset's access to the ESI based on the agreed search terms when the College is not so limited. The College responds that requiring it to disclose all the ESI it reviews would violate the work-product doctrine, because the disclosure would reveal its strategies, and the College also points out that it offered to give Radian Asset all of the ESI subject to a claw-back agreement. The College further stated that it recognized and would comply with its duty to updates its disclosures. The Court will require strict compliance from the College with rule 26 of the Federal Rules of Civil Procedure, and the College will need to disclose on a continuing basis any ESI it may use to support its defenses. Additionally, the Court will require the College to produce a copy of any exculpatory materials to Radian Asset.

By "exculpatory," the Court means anything that the College, in its professional judgment, believes Radian Asset could reasonably use, or could reasonably lead to admissible evidence, to support its claims or defenses.  This requirement does not mean the College is required to produce everything it examines or that it happens to open.

The College was ordered to produce the documents in the third-party Laureate Education, Inc.'s possession  by September 3, 2010, under the Court's Memorandum Opinion and Order, filed August 2, 2010.  At the hearing, in order to give some of its technical staff the holiday weekend off, Radian Asset requested that the College send those materials to Radian Asset's attorney in Seattle by the Friday due date.  The College stated that it was working to produce the materials, but could not assure that it would be able to fulfill that request and that it would deliver the materials to Radian Asset's attorney's Santa Fe office by the end of the day on Friday.  Radian Asset explained that the attorneys in the Santa Fe office would not be involved in the depositions for which the documents were needed.  For the reasons stated on the record, the Court orders that the College send the documents to Radian Asset's attorney in Seattle electronically by the end of business on September 3, 2010 or by Federal Express for Saturday delivery on September 4, 2010.

**IT IS ORDERED** that: (i) for the initial search of the electronically stored information ("ESI"), Defendant Christian Brothers of the College of New Mexico d/b/a the College of Santa Fe's ("College") will be only be required to use the terms in category 7 of Plaintiff Radian Asset Assurance, Inc.'s First ESI Search Protocol Proposal -- August 27, 2010, filed August 30, 2010 (Doc. 118-2); (ii) the College will limit the search of the ESI to the date range of January 5, 2005, to September 16, 2009; (iii) the College will provide a report of the results of its search by 5:00 p.m. on September 8, 2010, but it will not be required to produce the files from the search at that time; (iv) the Court will require the College to strictly comply with rule 26 of the Federal Rules of Civil

Procedure by updating Radian Asset on a continuing basis with any information that the College may use to support the College's defenses; (v) the College shall also produce a copy of any materials it believes Radian Asset could reasonably use, or could reasonably lead to admissible evidence, to support Radian Asset's claims or defenses; (vi) the Court amends its Memorandum Opinion and Order, filed August 2, 2010 (Doc. 100), to require that the College produce the documents in the third-party Laureate Education, Inc.'s possession to Radian Asset's attorney in Seattle electronically by the end of business on September 3, 2010 or by Federal Express for Saturday delivery on September 4, 2010; and (vii) the parties and Court will meet for a status conference on the ESI issue at 3:00 p.m. on September 10, 2010.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Daniel J. O'Friel
Pierre Levy
Aimee Sue Bevan
O'Friel and Levy
Santa Fe, New Mexico

-- and --

Jeffrey R. Brannen
Jeffrey R. Brannen, P.A.
Santa Fe, New Mexico

-- and --

Gavin W. Skok
John D. Lowery
Riddell Williams, P.S.
Seattle, Washington

    *Attorneys for the Plaintiff*

Clifford K. Atkinson
Douglas A. Baker
Justin Duke Rodriguez
Atkinson, Thal & Baker, P.C.
Albuquerque, New Mexico

>   *Attorneys for Defendant College of the Christian Brothers of New Mexico d/b/a
>       Christian Brothers of the College of Santa Fe Community*

W. Spencer Reid
Benjamin F. Feuchter
Cassandra R. Malone
 Keleher & McLeod, P.A.
Albuquerque, New Mexico

>   *Attorneys for Defendant Sharon Bain*

Joe L. McClaugherty
Tamara R. Safarik
McClaugherty & Silver, P.C.
Santa Fe, New Mexico

>   *Attorneys for Defendant Jerry Brisson*

Michael Brennan
Brennan & Sullivan, P.A.
Santa Fe, New Mexico

>   *Attorneys for Defendant Mark Lombardi*