IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RADIAN ASSET ASSURANCE, INC.,
a New York corporation,

       Plaintiff,

vs.                                                                                                        No. CIV 09-0885 JB/DJS

COLLEGE OF THE CHRISTIAN BROTHERS OF
NEW MEXICO, known as THE COLLEGE OF
SANTA FE; CHRISTIAN BROTHERS OF THE
COLLEGE OF SANTA FE COMMUNITY d/b/a
THE COLLEGE OF SANTA FE, a New Mexico
corporation; DR. MARK LOMBARDI, an individual,
JERRY BRISSON, an individual, and SHARON
BAIN, an individual,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Letter from Gavin K. Skok to the Court (dated September 3, 2010), filed September 3, 2010 (Doc. 122)("Letter"); and (ii) the Defendant College of the Christian Brothers of New Mexico's Motion to Compel the Return of Certain Electronically Stored Information and Related Disclosures and For Order to Show Cause & Other Sanctions, filed September 9, 2010 (Doc. 124)("Motion"). The Court held a hearing on September 10, 2010. The primary issues are: (i) whether the Court will permit Plaintiff Radian Asset Assurance, Inc., to search certain electronically stored information ("ESI") on a hard drive ("New CSF hard drive") that it received from Defendant Christian Brothers of the College of New Mexico d/b/a the College of Santa Fe ("College"), (ii) whether Radian Asset should be compelled to immediately return the New CSF hard drive to the College; and (iii) whether the Court should impose sanctions on Radian Asset. After reviewing the parties' arguments and questioning them,

the Court orders Radian Asset to return the New CSF hard drive to the College and not to search the ESI on the New CSF hard drive. The Court further orders that Radian Asset destroy any copies it made of the ESI contained on the New CSF hard drive. The Court denies the College's request to impose sanctions on Radian Asset.

## PROCEDURAL BACKGROUND

In early August, 2010, Laureate/New CSF provided the College with the New CSF hard drive containing electronic-mail transmissions and electronic documents that New CSF had gathered from its servers in response to the College's subpoena. It was Radian Asset's understanding that the New CSF hard drive contained electronic-mail transmissions for some or all of the seven custodians the Court has ordered to be searched, along with electronic documents that New CSF believed were responsive to the College's subpoena. See Exhibit to Letter, Letter from Frank T. Herdman to Justin D. Rodriguez, Jeffrey R. Brannen, and Gavin W. Skok at 8 (dated August 4, 2010), filed September 3, 2010 (Doc. 122).

On August 31, 2010, the College delivered a copy of the New CSF hard drive to Radian Asset. Before it did so, however, the College deleted all electronic mail files from the New CSF hard drive, stating that it would only provide electronic mails within the time frames and search terms that the Court ordered. Additionally, the College removed all files containing the names Richard Virtue, Nancy Long, and/or Perry Bendicksen, former counsel, to avoid any potential privilege issues.

The College also stated that it was removing a folder containing documents kept by Wendy Hill, the assistant to the College's president, explaining: "Wendy Hill's electronic file folder labeled 'WHILL' was removed. It is voluminous and we believe it is largely irrelevant and what potentially

responsive materials there may be are duplicative of documents already produced or that will be produced." Exhibit to Letter, Electronic Mail from Justin Rodriguez to Gavin Skok and John Lowery at 11 (dated August 31, 2010), filed September 3, 2010 (Doc. 122).

Radian Asset reports that its ESI consultants, Blank Law and Technology, has advised that the New CSF hard drive contains the "WHILL" electronic file folder and its component files (collectively, the "Hill Files") that the August 31, 2010 electronic mail from the College's counsel stated were being deleted. Radian Asset asserts that the Hill Files can be readily restored and accessed from the New CSF hard drive by Radian Asset's ESI consultant. Radian Asset has not opened or reviewed any of the Hill Files. Radian Asset's ESI consultants have, however, generated a list of the names of the allegedly deleted files and their file sizes for the Court's reference. See Exhibit to Letter, File List at 13, filed September 3, 2010 (Doc. 122)("File List"). Other than generating the File List, Radian Asset has not examined the ESI on the New CSF hard drive.

Gavin K. Skok, Radian Asset's Counsel, wrote the Court to request the Court's approval to review the ESI on the New CSF hard drive that the College provided to Radian Asset on August 31, 2010. See Letter at 1. Radian Asset agrees to immediately return any privileged materials located in the course of that review and to treat all material reviewed as "Confidential" under the Revised Stipulated Protective Order, filed April 28, 2010 (Doc. 60).

The College responded that Radian Asset should be required to immediately return the New CSF hard drive to the College and any copies of the ESI from the hard drive. See Motion at 1. The College further asks the Court to: (i) order Radian Asset to show cause why Radian Asset, its counsel, and its ESI Consultant Eric Blank, Esq. should not be held in contempt of court for what the College alleges is their improper conduct and willful violations of the parties' Revised Stipulated

Protective Order; (ii) grant the College leave to conduct expedited discovery to determine the extent and nature of Radian Asset's electronic reconstruction of redacted data, copying of the redacted hard drive, and any use of or copying of mined redacted data; and (iii) impose other sanctions as the Court deems proper. See Motion at 1-2. At the hearing on September 10, 2010, The College and Radian Asset both agreed to allow the Court to address the College's Motion in this Order, and Radian Asset thereby waived its right to respond in writing.

## ANALYSIS

Radian Asset argues that the Hill Files on the New CSF hard drive are not voluminous, measuring approximately 480 megabytes, and that the File List indicates that the Hill Files contain numerous files whose names suggest they are discoverable, such as "BONDINFO" and "BONDS." Letter at 3. Radian Asset argues that it should be able to treat the Hill Files as it would any other files the College sent to it. See Letter at 3. Accordingly, Radian Asset requests that the Court formally authorize it to restore and review any or all files on the New CSF hard drive, including the Hill Files. See Letter at 3.

Radian Asset asserts that it agrees to promptly notify the College and return any privileged materials that it encounters in its review. Radian Asset argues that its review of the Hill Files would eliminate any burden on the College to conduct further searches on the Hill Files. See Letter at 3. Accordingly, Radian Asset consents to the College not including information from the Hill Files in any future ESI searches and productions to Radian Asset, though it would ask that other ESI obtained by the College should continue to be searched. See Letter at 3.

The College argues that Radian Asset seeks to "invade [the College's] attorney-client relationship and avail itself to confidential and privileged documents and other electronically stored

information that Radian had been told was specifically and intentionally redacted from disclosure." Motion at 2. The College argues that it provided, through its ESI consultant, to Radian Asset a redacted version of the New CSF hard drive as a professional courtesy in an effort to provide Radian Asset with additional potentially responsive information before the depositions of Defendants Dr. Mark Lombardi and Jerry Brisson set for September 7 and 8, 2010. See Motion at 3. The College argues that the hard drive was "provided in a readily-usable, readable format that did not require the use of computer forensic software or other investigative tools to review and search the unredacted files and information." Motion at 3. The College asserts that there was no need for Radian Asset to have its ESI expert review the New CSF hard drive. See id. The College argues that "[o]nly if Radian wanted something more than it was being intentionally provided would it need to send the hard drive to its expert." Id. at 3.

After carefully reviewing the parties' arguments, for the reasons stated on the record, the Court orders that Radian Asset return the New CSF hard drive to the College, and destroy any copies of information Radian Asset made of the ESI on the New CSF hard drive, other than the File List Radian Asset produced. Radian Asset will also provide a copy of the File List to the College. The Court notes that the volume of the Hill Files suggests that those files should not be treated differently from other custodians' files going forward.

**IT IS ORDERED** that: the requests in the Letter from Gavin K. Skok to the Court (dated September 3, 2010), filed September 3, 2010 (Doc. 122), and in the Defendant College of the Christian Brothers of New Mexico's Motion to Compel the Return of Certain Electronically Stored Information and Related Disclosures and For Order to Show Cause & Other Sanctions, filed September 9, 2010 (Doc. 124), are granted in part and denied in part as follows: (i) Plaintiff Radian

Asset Assurance, Inc. shall return the New CSF hard drive to the College; (ii) Radian Asset's request to search the New CSF hard drive is denied; (iii) Radian Asset shall destroy any copies of information from the New CSF hard drive in its possession, with the exception of the File List, a copy of which Radian Asset will provide to the College; (iv) the College's request that Radian Asset be ordered to show cause why Radian Asset, its counsel, and its ESI Consultant Eric Blank, Esq. should not be held in contempt of court for violations of the parties' Revised Stipulated Protective Order, filed April 28, 2010 (Doc. 60) is denied; (v) the College's request for leave to conduct expedited discovery to determine the extent and nature of Radian Asset's electronic reconstruction of redacted data, copying of the redacted hard drive, and any use of or copying of mined redacted data is denied; (vi) the College will review the six hard drives that are most likely to have been the Vice President of Finance's hard drive, and expedite getting the ESI from that hard drive to Radian Asset if it is found; (vii) the College will have until October 1, 2010, to complete the privilege review of the ESI searched pursuant to the Court's Memorandum Opinion and Order, filed September 15, 2010 (Doc. 127), with the understanding that an extension may be necessary; and (viii) the parties and Court will meet for a status conference at 10:00 a.m. on September 24, 2010.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

*Counsel*:

Daniel J. O'Friel
Pierre Levy
Aimee Sue Bevan
O'Friel and Levy
Santa Fe, New Mexico

-- and --

Jeffrey R. Brannen
Jeffrey R. Brannen, P.A.
Santa Fe, New Mexico

-- and --

Gavin W. Skok
John D. Lowery
Riddell Williams, P.S.
Seattle, Washington

  *Attorneys for the Plaintiff*

Clifford K. Atkinson
Douglas A. Baker
Justin Duke Rodriguez
Atkinson, Thal & Baker, P.C.
Albuquerque, New Mexico

  *Attorneys for Defendant College of the Christian Brothers of New Mexico and*
   *Christian Brothers of the College of Santa Fe*

W. Spencer Reid
Benjamin F. Feuchter
Keleher & McLeod, P.A.
Albuquerque, New Mexico

  *Attorneys for Defendant Sharon Bain*

Joe L. McClaugherty
Tamara R. Safarik
McClaugherty & Silver, P.C.
Santa Fe, New Mexico

  *Attorneys for Defendant Jerry Brisson*

Michael W. Brennan
Brennan & Sullivan, P.A.
Santa Fe, New Mexico

  *Attorneys for Defendant Mark Lombardi*