IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RADIAN ASSET ASSURANCE, INC.,

        Plaintiff,

vs.                                       No. CIV 09-0885 JB/DJS

COLLEGE OF THE CHRISTIAN BROTHERS OF
NEW MEXICO, known as THE COLLEGE OF
SANTA FE; CHRISTIAN BROTHERS OF THE
COLLEGE OF SANTA FE COMMUNITY d/b/a
THE COLLEGE OF SANTA FE, a New Mexico
corporation; DR. MARK LOMBARDI, an individual;
JERRY BRISSON, an individual, and SHARON
BAIN, an individual,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Letter from Gavin W. Skok of Riddell Williams P.S. to the Court (dated September 23, 2010), filed September 23, 2010 (Doc. 136)("Radian Asset's Letter"); and (ii) the Letter from Clifford K. Atkinson, Douglas A. Baker, and Justin D. Rodriguez of Atkinson, Thal & Baker, P.C. to the Court (dated September 23, 2010), filed September 23, 2010 (Doc. 138)("College's Letter").  The Court held a hearing on September 24, 2010.  The primary issues are: (i) whether the Court should order the Defendant Christian Brothers of the College of New Mexico d/b/a the College of Santa Fe ("College") to produce 1,219 files from the hard drive that the College previously sent to Plaintiff Radian Asset Assurance, Inc. ("Radian Asset") on August 31, 2010 ("Laureate hard drive"), which the Court ordered returned in its Memorandum Opinion and Order, filed September 24, 2010 (Doc. 140)("MOO"); (ii) whether the Court should order the parties to meet and confer regarding the

search and production of the remaining electronically stored information ("ESI"); (iii) whether the Court should order the parties to meet and confer regarding the College's discovery request; (iv) whether the Court should order the parties to follow an expedited briefing schedule regarding the Defendant College of Santa Fe's First Motion to Compel Plaintiff Radian Asset Assurance, Inc. to Provide Good Faith and Complete Responses to College of Santa Fe's August 18, 2010 Interrogatories, Requests for Admission, and Requests for Production, and Request for Other Relief, and Memorandum Brief in Support Thereof, filed September 23, 2010 (Doc. 137)("Motion to Compel"); and (v) whether the Court should extend the deadlines for filing amendments to the pleadings, fact discovery, and expert disclosure.  The Court will grant some requests and deny others.

## PROCEDURAL BACKGROUND

In advance of the September 24, 2010, discovery status conference, Mr. Skok, counsel for Radian Asset, wrote to the Court to request that the Court order: (i) the College to produce files from the Laureate hard drive; (ii) the parties to meet and confer regarding the production of the remaining ESI; and (iii) the parties to meet and confer about the College's discovery requests.  Mr. Atkinson, counsel for the College, wrote objecting to Radian Asset's requests, and asking the Court to order: (i) the parties to follow an expedited briefing schedule for the College's Motion to Compel; and (ii) the filing deadline for the College's motion to amend its pleadings extended.  After carefully reviewing the parties' arguments and questioning them at the hearing on September 24, 2010,[1] for

---

[1] At the hearing, Radian Asset did not waive its right to respond in writing to the College's Motion to Compel, but it asked the Court for guidance on certain disputes, and the Court spent much of the hearing  giving its inclinations on how it would rule on a number of the issues in the College's Motion to Compel.  Those decisions will be documented in a future Memorandum Opinion and Order after the October 4, 2010 hearing.

the reasons stated on the record, the Court will grant some requests and deny some requests.

## ANALYSIS

Radian Asset first asks the Court to order the College to produce 1,219 files from the Laureate hard drive -- approximately 2.5% of the total 46,762 files on the hard drive -- that Radian Asset asserts appear from their file names to be discoverable.  Radian Asset asked the College to produce the files, but the College refused, stating that the request is unreasonable in scope, an undue burden and expense, and a distraction from the merits of the case.  The College stated that it would "obtain[] additional information about the ESI volume this request would impose, and other parameters." Radian Asset's Letter at 2.  Radian Asset asserts that the disclosure should not impose a significant burden, create a need for extensive review, or create concerns about relevance, because the College already intended to produce the majority of these documents when it previously sent Radian Asset the hard drive containing them.  Additionally, because Radian Asset has named the specific documents it requests, no search is required.

In response to Radian Asset's first request, the College asserts that, in addition to the effort and expense of producing approximately 13,000 electronically transmitted pieces of mails and attachments pursuant to the Court's MOO, it has reviewed Radian Asset's request and identified the files Radian Asset asks that College to produce.  The College argues that Radian Asset mischaracterizes the burden its request for the 1,219 Laureate files creates, and the College continues to object to what it believes are Radian Asset's abusive discovery tactics. At the hearing, the College stated that, if it is ordered to do so, it can produce the files by October 15, 2010, and Radian Asset agreed to that date.

For the reasons stated on the record, the Court will order the College to produce the 1,219

files from the Laureate hard drive by October 15, 2010.  The Court will also amend its MOO to allow the College to do a rolling production of the 13,000 pieces of electronic mail starting October 1, 2010, and completing the production by October 8, 2010.

Radian Asset next requests the Court to order the parties to meet and confer regarding the search and production of the remaining ESI.[2]  Radian Asset asserts that it understands that the College has now restored the backup tapes which contain both electronic mail and electronic document files, and that the College is searching and producing documents from the electronic mail files but not from the electronic document files.  Radian Asset requested that the College begin to use the same search criteria established for electronic mail to search and produce electronic documents from the remaining ESI: the backup tapes, the previously removed hard drives it received from Laureate and the New College of Santa Fe ("New CSF hard drives"), and any unproduced files from the Laureate hard drive.  The College refused, and offered only to give all of the remaining ESI to an outside consultant, who Radian Asset would retain, and who could search the remaining ESI and submit the search results to the College for a privilege review before giving it to Radian Asset.  Radian Asset argues that, because the College has now restored the backup tapes and has ready access to the electronic documents on the Laureate hard drive and the New CSF hard drives, searching the remaining ESI should be a relatively quick process that could be completed using the same search terms that were established to searching the electronic mail.  Radian Asset further asserts that its efforts to identify and screen out files from the Laureate hard drive should further reduce the amount of work required for any such search.  Radian Asset accordingly requests that the

---

[2] Radian Asset notes that this request does not include electronic mail, which the Court and the parties have already addressed.

Court instruct the parties to meet and confer regarding the search and production of the remaining ESI in the College's possession, including, but not necessarily limited to, the search terms and parameters for that search and the timing of production.

The College responds that Radian Asset's second request is unreasonable.  The College asserts that, in total, the ESI that Radian Asset requests it to search is eight terabytes in volume, and the total "volume of documents in this case may already be approaching one million pages." College's Letter at 3.  The College asserts that requiring it to produce additional ESI will "waste time, money, and resources, and further impose an already unreasonable burden on" the College. College's Letter at 3.  The College renewed its offer to provide all of the ESI to an independent ESI consultant who could "then run the search terms that Radian desires" and then submit the search results to the College for a privilege review before giving it to Radian Asset.  College's Letter at 4. The College requests that the Court not order any additional production of the remaining ESI until the College completes its production of the electronic mail.  At the hearing, the College stated that, contrary to Radian Asset's understanding, it has not restored all of the backup tapes, but only twenty-six of the tapes have been restored and twenty-four remain unrestored.  It further stated that it would be willing to provide a cost and time estimate for searching the ESI that has been restored using the same search terms it used for searching the electronic mail.

Regarding the remaining ESI, for the reasons stated on the record the Court will order the College to provide to Radian Asset by 5:00 p.m. on October 1, 2010, information from the College's ESI expert on: (i) the current state and status of the twenty-four backup tapes that have not been restored; (ii) how long it would take and how much it would cost to provide a report on the results of searching the tapes that have already been restored using the search terms established for

-5-

searching the electronic mail files;[3] and (iii) whether the College would be willing to have the parties' ESI experts meet regarding searching the remaining ESI.  If the parties agree to have their experts meet, the expert meeting will occur by 5:00 p.m. on October 4, 2001,[4] and the parties will confer by October 5, 2001 to determine if any issues remain.  The parties will notify the Court of any remaining issues by 5:00 p.m. on October 6, 2001.

Radian Asset further requests the Court to set in place a schedule for the parties to meet and confer about the College's discovery requests, after which the parties would then submit briefs to the Court to resolve any outstanding issues.  The College requests that Radian Asset produce documents related to other bonds that Radian Asset insured or chose not to insure over a period of several years, which Radian Asset asserts would include hundreds of bonds.  Radian Asset asserts that the parties have not yet met and conferred about this matter, but notes that the parties may be unable to work through some of the issues the College's discovery request raises.

The College responds that Radian Asset's third request improperly attempts to preempt the College's Motion to Compel.  The College asserts that Radian Asset has refused to respond to the College's discovery requests, and that "no amount of 'meeting and conferring' is going to resolve the disputes." College's Letter at 2.  The College asserts that Radian Asset's request is a delay tactic to keep the College from obtaining information it needs to further its case and meet its scheduling deadlines.  College's Letter at 2.

Additionally, the College requests that the Court accelerate briefing on the parties' response

---

[3] The names of the custodians will not be used as search terms, and the search would be limited to a date range of January 5, 2005, to September 16, 2009.

[4] Counsel for the parties may limit their disclosure through their consultants consistent with the attorney-client privilege and the work-product doctrine.

and reply to the College's Motion to Compel and extend the time for the College to file an amended answer and counterclaim, and extend fact discovery and expert disclosure deadlines for the College as appropriate. The College argues that Radian Asset's refusal to produce discovery interferes with the College's ability to advance its case and meet the October 7, 2010 deadline for moving to amend answers and filing counterclaims. The College asks the Court to order Radian Asset to fully respond to the College's Motion to Compel by the close of business Tuesday, September 28, 2010, and for the College to file its reply by the close of business on Thursday, September 30, 2010. The College further requests that the Court expedite its ruling on the Motion and require Radian Asset to fully respond to the College's discovery request within two business days after the Court's order is entered. The College also asks the Court to extend the deadline for it to amend its answer and file counterclaims five business days beyond the date upon which Radian Asset serves its compelled discovery responses, and extend the time to designate its experts and submit expert reports and take depositions as necessary to prevent prejudice to the College.

The Court encourages the parties to meet and confer about the College's discovery request to attempt to narrow the issues. Regarding the briefing schedule for the College's Motion to Compel, for the reasons stated on the record, the Court orders that Radian Asset's response is due by 5:00 p.m. on October 1, 2010, and the College's Reply is due at noon on October 4, 2010. Both the response and the reply should state precisely what is still in issue. The Court extends the deadline for filing motions to amend the pleadings until October 15, 2010.

At the hearing, Radian Asset requested that the Court order the College to review New CSF hard drives to determine if any of them belonged to Defendant Jerry Brisson. In its previous MOO, the Court ordered the College to examine the six New CSF hard drives that the College deemed most

likely to have been Brisson's.  The College examined the hard drives, but did not find Brisson's.

Radian Asset now requests that the College search the remaining 129 New CSF hard drives that

have not been examined.  The parties disputed the burden of searching the rest of the hard drives.

The College asserted that it would be willing to provide the Laureate hard drives to a neutral third

party if Radian Asset paid the cost, but objected to providing them to Radian Asset's ESI expert.

Radian Asset objected to paying for the search, arguing that the need to compete the search was the

result of the College failing to take adequate steps to preserve evidence for this case.  The parties

provided widely disparate estimates of the time and cost involved in examining the New CSF hard

drives.

Because the Court requires more information to resolve how to proceed on the matter of the

New CSF hard drives, it will order that both parties ask their ESI experts to propose how much it

will cost to determine the last user of the 129 New CSF hard drives and how much more it would

cost to determine the names of all users on the computer.  By the end of September 27, 2010, the

parties will discuss with their own ESI experts whether having both parties ESI experts talk directly

would benefit the parties.  By noon on September 28, 2010, the parties will confer on whether to

have a meeting between their ESI experts.  If the parties decide to have the ESI experts meet, then,

if possible, the ESI experts will meet by the morning of September 29, 2010.[5]  The parties will

exchange their experts' proposals by 5:00 p.m. on September 29, 2010, and meet and confer on

September 30, 2010 to attempt to agree on how to proceed, such as using cost-splitting costs

measures.  If the parties are unable to resolve how to proceed, then they will submit their experts'

---

[5] Counsel for the parties may limit their disclosure through their consultants consistent with the attorney-client privilege and the work-product doctrine.

proposals to the Court by 5:00 p.m. on October 1, 2010, and the Court will determine how to proceed by the end of business on October 4, 2010.

To be even handed in its discovery orders, and for the reasons stated on the record, the Court orders Mr. Skok's firm, Riddell Williams, P.S., to produce or privilege log all files related to the workout, bond, and sale of the College of Santa Fe up to the filing date of the Complaint, filed September 14, 2009 (Doc. 1), or inform the College if it has already done so. The Court also orders Mr. Skok to produce or privilege log all files related to any grey matters that may exist during the time before the filing when he may have been marginally involved in the bond or sale, being intellectually honest and generous in choosing what to count as "related to."

**IT IS ORDERED** that: (i) the Defendant Christian Brothers of the College of New Mexico d/b/a the College of Santa Fe shall produce to Plaintiff Radian Asset Assurance, Inc., the 1,219 files from the Laureate hard drive by October 15, 2010; (ii) the Court's Memorandum Opinion and Order, filed September 24, 2010 (Doc. 140), is amended to allow the College to do a rolling production of the 13,000 pieces of electronic mail starting October 1, 2010, and completing the production by October 8, 2010; (iii) the College shall provide to Radian Asset by 5:00 p.m. on October 1, 2010, information from the College's ESI expert on: (a) the current state and status of the twenty-four backup tapes that have not been restored, (b) how long it would take and how much it would cost to provide a report on the results of searching the tapes that have already been restored using the search terms established for searching the electronic mail files,[6] (c) whether the College would be willing to have the parties' ESI experts meet regarding searching the remaining ESI, and (d) if the

---

[6] The names of the custodians will not be used as search terms, but the search would be limited to a date range of January 5, 2005, to September 16, 2009.

parties agree to have their experts meet regarding searching the remaining ESI, the experts shall meet by 5:00 p.m. on October 4, 2001;[7] (iv) regarding the remaining ESI: (a) the parties shall meet and confer by October 5, 2001, to determine if any issues remain, and (b) the parties shall notify the Court of any remaining issues by 5:00 p.m. on October 6, 2001; (v) Radian Asset shall file its response to the Defendant College of Santa Fe's First Motion to Compel Plaintiff Radian Asset Assurance, Inc. to Provide Good Faith and Complete Responses to College of Santa Fe's August 18, 2010 Interrogatories, Requests for Admission, and Requests for Production, and Request for Other Relief, and Memorandum Brief in Support Thereof, filed September 23, 2010 (Doc. 137), by 5:00 p.m. on October 1, 2010; (vi) the College shall file its reply to the Motion to Compel by noon on October 4, 2010; (vii) Radian Asset and the College shall ask their ESI experts to propose how much it will cost to determine the last user of the 129 New CSF hard drives and how much more it would cost to determine the names of all users on the computer, (a) by the end of September 27, 2010, the parties shall discuss with their own ESI experts whether having both parties' ESI experts talk directly would benefit the parties, (b) by noon on September 28, 2010, the parties shall confer on whether to have a meeting between their ESI experts, (c) if the parties decide to have the ESI experts meet, then, if possible, the ESI experts shall meet by the morning of September 29, 2010,[8] (d) the parties shall exchange their experts' proposals by 5:00 p.m. on September 29, 2010, (e) the parties shall meet and confer on September 30, 2010 on how to proceed, (f) if the parties are unable to resolve how to proceed, then they shall submit their experts' proposals to the Court by 5:00 p.m. on

---

[7] Counsel for the parties may limit their disclosure through their consultants consistent with the attorney-client privilege and the work-product doctrine.

[8] Counsel for the parties may limit their disclosure through their consultants consistent with the attorney-client privilege and the work-product doctrine.

October 1, 2010; (viii) Mr. Skok's firm, Riddell Williams, P.S., shall produce or privilege log all its files related to the workout, bond, and sale of the College of Santa Fe up to the filing of date of the Complaint, filed September 14, 2009 (Doc. 1), or inform the College if it has already done so; (ix) Mr. Skok shall produce or privilege log all files related to any grey matters that may exist during the time before the filing when he may have been marginally involved in the bond or sale; and (x) the parties and Court shall meet for a status conference and a hearing on the College's Motion to Compel at 2:00 p.m. on October 4, 2010.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Daniel J. O'Friel
Pierre Levy
Aimee Sue Bevan
O'Friel and Levy
Santa Fe, New Mexico

-- and --

Jeffrey R. Brannen
Jeffrey R. Brannen, P.A.
Santa Fe, New Mexico

-- and --

Gavin W. Skok
John D. Lowery
Riddell Williams, P.S.
Seattle, Washington

   *Attorneys for the Plaintiff*

Clifford K. Atkinson
Douglas A. Baker
Justin Duke Rodriguez
Atkinson, Thal & Baker, P.C.
Albuquerque, New Mexico

     *Attorneys for Defendant College of the Christian Brothers of New Mexico and*
        *Christian Brothers of the College of Santa Fe*

W. Spencer Reid
Benjamin F. Feuchter
Keleher & McLeod, P.A.
Albuquerque, New Mexico

     *Attorneys for Defendant Sharon Bain*

Joe L. McClaugherty
Tamara R. Safarik
McClaugherty & Silver, P.C.
Santa Fe, New Mexico

     *Attorneys for Defendant Jerry Brisson*

Michael W. Brennan
Brennan & Sullivan, P.A.
Santa Fe, New Mexico

     *Attorneys for Defendant Mark Lombardi*