IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RADIAN ASSET ASSURANCE, INC.,

       Plaintiff,

vs.                                                                                    No. CIV 09-0885 JB/DJS

COLLEGE OF THE CHRISTIAN BROTHERS OF
NEW MEXICO, known as THE COLLEGE OF
SANTA FE; CHRISTIAN BROTHERS OF THE
COLLEGE OF SANTA FE COMMUNITY d/b/a
THE COLLEGE OF SANTA FE, a New Mexico
corporation; DR. MARK LOMBARDI, an individual;
JERRY BRISSON, an individual, and SHARON
BAIN, an individual,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Letter from Clifford K. Atkinson, Douglas A. Baker, and Justin D. Rodriguez to the Court (dated October 18, 2010), filed October 18, 2010 (Doc. 169); and (ii) the Letter from Gavin W. Skok to the Court (dated October 18, 2010), filed October 18, 2010 (Doc. 170). The Court held a hearing on October 19, 2010. The primary issues are: (i) whether the Court should order Defendant Christian Brothers of the College of New Mexico d/b/a the College of Santa Fe ("CSF") to provide detailed discovery; (ii) whether the Court should bifurcate and partially stay discovery until after it decides Plaintiff Radian Asset Assurance, Inc.'s forthcoming motion to dismiss; (iii) whether the Court should extend the expert deadlines; (iv) whether the Court should mandate mediation; and (v) whether the Court should order corporate plaintiffs to travel to New Mexico for depositions. The Court will grant some requests and deny others.

## PROCEDURAL BACKGROUND

On October 15, 2010, CSF filed six new counterclaims and asserted ten new affirmative defenses.  CSF's counterclaims seek actual damages, special damages, punitive damages, statutory treble damages, and attorney fees and costs.  CSF's counterclaims and new affirmative defenses raise an array of allegations regarding matters that occurred after the Bonds were issued, e.g., Radian Asset's conduct in 2008 and 2009.  Radian Asset maintains that it is apparent from CSF's counterclaims and defenses that CSF had these allegations under consideration and development for a substantial time, and that they could have been asserted much earlier in the case.  Radian Asset intends to promptly test CSF's counterclaims and certain of its affirmative defenses through motions practice.

CSF requests the Court to order mandatory mediation.  CSF also seeks clarification and extension of the expert deadlines and an extension of the trial setting.  CSF further requests the Court to order Radian Asset to bring its witnesses to Albuquerque, New Mexico for their depositions.

Radian Asset and CSF sent separate letters to the Court on October 18, 2010.  Radian Asset requested the Court to order CSF to provide the same detailed discovery on its counterclaims the Court previously ordered Radian Asset to provide on Radian Asset's claims.  Radian Asset also requested the Court stay discovery on "post-issuance" allegations, e.g., allegations of improper conduct by Radian Asset in 2008 or 2009 against CSF, until after the Court decides Radian Asset's forthcoming motion to dismiss.  Finally, Radian Asset requests the Court to order that the depositions of its officers, employees, and agents be taken where they are located, in New York and New Jersey.  Radian Asset agrees to CSF's proposed expert deadlines and trial setting.

## ANALYSIS

The parties request that the Court issue a number of orders.  For matters on which the parties agree, the Court obliges.  For matters on which the parties disagree, the Court finds some requests are well-taken, but others are premature or not well-founded in the law or in the facts of this case.

I.    **THE COURT WILL NOT, AT THIS TIME, ORDER DISCOVERY REGARDING NEW AFFIRMATIVE DEFENSES AND COUNTERCLAIMS BEYOND WHAT THE INITIAL DISCLOSURES REQUIRE.**

Radian Asset asks the Court to order CSF to provide Radian Asset the same detailed discovery on CSF's new counterclaims and defenses as the Court ordered Radian Asset to provide CSF on Radian Asset's claims.  Radian Asset pledges to identify the specific defenses and allegations for which such discovery is necessary.  Accordingly, and because of upcoming deadlines, Radian Asset asks that its new discovery into CSF's counterclaims and defenses be expedited with CSF's complete objections and responses due within two weeks.  CSF responds with a suggested time limit of two or three weeks to make initial disclosures.

Pursuant to rule 26(1)(a), both parties are required to produce initial disclosures in response to CSF's counterclaims.  The Court admonishes both parties to strictly adhere to rule 26's discovery requirements, and CSF should provide the same level of detail in its disclosures that the Court required of Radian Asset.  The Court will not, however, require CSF to produce information beyond the initial disclosure until there is a request for production or interrogatories, and the Court cannot deal with any objections or responses until those are made and served.  The Court will order both parties to make initial disclosures by October 29, 2010.

II.    **THE SCOPE OF DISCOVERY BY RADIAN ASSET ON CSF CANNOT MIRROR THAT OF CSF ON RADIAN ASSET, BECAUSE THE CLAIMS ARE NOT THE <u>SAME</u>.**

Radian Asset seeks guidance from the Court on how CSF should respond to Radian Asset's forthcoming discovery requests, arguing that CSF should provide detailed damages information and disclosures -- including attorney fees -- for its counterclaims, just as the Court ordered Radian Asset to provide on Radian Asset's claims.  Radian Asset requests that the Court require CSF, like it required Radian Asset, to: (i) describe each category of CSF's damages in detail; (ii) state the amount for damages in each category; (iii) state how each amount was calculated; (iv) disclose the elements or components of each, including the amounts and detail for any attorney fees and costs; (v) identify the witness who will have knowledge to testify at trial about that specific damages claim; and (vi) identify each document that CSF believes supports a specific damages claim.

CSF responds that it recognizes its obligation to produce a detailed analysis of its damages as part of its initial disclosure.  CSF argues that, unlike Radian Asset, CSF has not pled a count that has an element of damages of attorney fees, and thus no count requires the disclosure for its attorney fees.  CSF further argues that Radian Asset has made no relevant discovery requests and that its request is thus not properly before the Court.

For the reasons stated on the record at the hearing, the Court again admonishes CSF to provide the same detailed information the Court has required of Radian Asset.  The Court will require that CSF, as part of it disclosure under rule 26, to: (i) describe each category of damages in detail; (ii) state the amount for damages in each category; (iii) state how each amount was calculated; (iv) disclose the elements or components of each, including the amounts and detail for any attorney fees and costs; (v) identify the witness or witnesses who will have knowledge to testify

at trial about that specific damages claim; and (vi) identify each document that CSF believes supports a specific damages claim. The Court also requires CSF to state the amount of its attorney fees, and update the amount from time to time, but no itemization is required. The Court will move the date for the production information about of attorney fees for both parties to January 31, 2010.

Radian Asset further argues that, because CSF asserts in its counterclaims that CSF was misadvised or misled by Radian Asset at various times when CSF was represented by counsel, CSF has put in dispute the advice CSF was receiving from its own counsel during that time, and CSF's reliance on such advice. Because of reliance on counsel, CSF should be required, Radian Asset asserts, to disclose documents and communications with its four prior lawyers -- Perry Bendicksen, Nancy Long, Richard Virtue, William Arland. CSF responds that Bendicksen, Long, and Virtue's documents have been produced or privilege logged. CSF argues that Arland was not involved pre-issuance, nor was he involved in negotiations of the sale of the College or the actions or conduct at issue in this case. CSF further argues that it has not raised advice of counsel as a defense, or otherwise placed its advice in dispute.

The Court finds the waiver issue is premature and will not address it at this time. The Court finds that Bendicksen, Long, and Virtue's documents have been produced or privilege logged, and no more is required at this time. The Court will order that Arland's files will need to be produced or privilege logged.

## III.   THE COURT WILL ALLOW RADIAN ASSET SOME ADDITIONAL INTERROGATORIES.

Radian Asset requests leave to serve additional twenty interrogatories in light of CSF's counterclaims and the additional affirmative defenses. The Defendants did not object to allowing Radian Asset a reasonable number of additional interrogatories, but disagreed on the number. The

Court gives Radian Asset leave to serve fifteen additional interrogatories on CSF, and ten on other Defendants.

## IV.   THE COURT WILL NOT ALTER THE TIMING AND SEQUENCE OF DISCOVERY ON CSF'S COUNTERCLAIMS AND DEFENSES.

Radian Asset contends that the majority of the post-issuance allegations are, on their face, either factually infirm or lack legal bases.  Because Radian Asset intends to challenge CSF's post-issuance claims through forthcoming dispositive motions, Radian Asset suggests (i) that discovery should go forward on pre-issuance and issuance matters now, but (ii) that the Court should stay discovery with respect to the post-issuance allegations until the Court determines whether CSF has stated a claim on such matters.  CSF responds that Radian Asset is seeking to improperly amend the scheduling order.  CSF further argues that issues and witnesses cannot be cleanly separated, and that Radian Asset includes post-issuance events in its First Amended Complaint, and CSF's counterclaims and affirmative defenses parallel those events.

The Court finds the post-issuance issues have been floating around in this litigation as part of the affirmative defenses for some time, although the counterclaims may have brought nuances into relief.  After carefully looking at what Radian Asset wants to allow discovery on and what it does not want discovery on, the Court is convinced that the proposed bifurcation will create endless discovery disputes and not advance the litigation.  While the Court acknowledges that the rules create some unfairness to counterdefendants -- the plaintiff cannot do discovery until the defendant's motion to dismiss is decided, but the reverse is not true -- the Court does not believe that it can cure any unfairness with bifurcation of discovery.

For this reason, and for reasons stated on the record at the hearing, the Court will deny the request to bifurcate and stay part of the discovery.  The Court will, however, set a briefing schedule

Radian Asset's dispositive motion on CSF counterclaims.  Radian Asset shall file its motion by 5:00 p.m. on October 29, 2010; CSF shall file its response by 5:00 p.m. on November 16, 2010; Radian Asset shall file its reply by November 23, 2010; and the Court will hold a hearing at 9:00 a.m. on November 29, 2010.

## V.    THE COURT WILL CLARIFY AND EXTEND THE EXPERT DEADLINES.

CSF asks for clarification of what reports are due on each of the two expert disclosure deadlines, and requests that the Court move back the expert report and expert deadlines.  Radian Asset agrees to CSF's proposal that the Court order the parties to disclose experts and to provide reports relating to the parties' affirmative claims in support of the Radian Asset's First Amended Complaint and CSF's counterclaims by the end of day on January 10, 2011 and to disclose rebuttal expert witnesses and reports by the end of the day on January 31, 2011.  Additionally, Radian Asset agrees to CSF's proposal to move the deadline for deposing experts to February 25, 2011.  The Court orders the expert deadline extended in accord with the parties' agreement.

At the hearing, the parties disagreed on what qualified as a "rebuttal expert" in the February 26, 2010, Scheduling Order.  The parties had submitted that language earlier in the case, and the Court adopted this language.  CSF's current counsel was not involved in drafting the language, and Radian Asset represented that the parties at the time intended rebuttal experts to be limited to issues that could not have been reasonably foreseen, in accordance with rule 26(a)(2)(C)(ii), which allows the disclosure of additional expert testimony "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party['s]" expert report.  Fed. R. Civ. P. 26(a)(2)(C)(ii).  After reviewing the Scheduling Order, the Court concludes the most reasonable interpretation of what the parties meant at the time was to limit rebuttal expert testimony to matters

that parties could not have reasonably addressed beforehand.  The rebuttal expert witness disclosure, therefore, will be limited to issues that could not have been reasonably anticipated, in accordance with rule 26(a)(2)(C)(ii) of the Federal Rule of Civil Procedure.

**VI.     THE COURT WILL NOT ORDER MANDATORY MEDIATION.**

CSF requests that the Court order that the parties to attend mediation.  CSF asserts that it understands that informal efforts have occurred, but that there has been no opportunity for Radian Asset's principals and CSF and its insurer to address the issues involved.  Radian Asset opposes attending mediation at this time.  Because Radian Asset opposes mediation, and for reasons stated on the record at the hearing, the Court will not order the parties to attend mediation at this time. There is no purpose to be served ordering mediation, except a slavish adherence to that out-of-court process, before Radian Asset is ready, but the Court will not, by entering the Order, restrict in any way the Magistrate Judge from setting a mediation and requiring all parties and their principals to attend.

**VII.    THE COURT WILL EXTEND THE TRIAL SETTING.**

CSF requests that the Court move the trial date be moved back one week to June 20, 2011. Radian Asset agrees with CSF's proposal.  With the parties' understanding that the Court cannot guarantee a particular date so far in advance, the Court will keep the case on its June 13, 2010 trailing docket, but not schedule the trial before June 20, 2011.[1]

---

[1] All parties agreed to this change, and the parties expressed that a August 2011 trial date would be acceptable.

## VIII.  THE COURT WILL GIVE THE PARTIES SOME GUIDANCE ABOUT THE LOCATION OF THE DEPOSITIONS OF RADIAN ASSET'S OFFICERS, EMPLOYEES, AND AGENTS.

The Court will order that Radian Asset, a corporate plaintiff, bring its current officers and agents to New Mexico for deposition.  CSF served notices on Radian Asset of deposition for three individuals -- two former Radian employees and one current Radian employee -- and for a Rule 30(b)(6) deposition of Radian.  All four notices purport to require Radian Asset to produce the witnesses in Albuquerque for deposition.  Radian Asset is located in New York; the three individuals reside and work in New York and New Jersey.  CSF argues that, because Radian Asset filed its lawsuit in the District of New Mexico, it should be required to bring its witnesses to New Mexico for deposition.  Radian Asset responds that CSF should take these four depositions where the witnesses reside or work, just as Radian deposed the individual defendants in their own judicial districts.  Radian Asset further argues that the two former employees are not under Radian Asset's control.

The Court will require that Radian Asset's agents, officers, and current employees travel to Albuquerque for depositions.  The Court will offer guidance on moving forward with depositions of former employees.  Because Radian Asset, a corporate plaintiff, chose the litigation forum, the Court finds it reasonable to require Radian Asset to produce its officers, employees, and agents in the forum for depositions.  Radian Asset has not shown good cause why the Court should order the depositions to be performed in New York and New Jersey.

> Ordinarily, plaintiff will be required to make himself or herself available for examination in the district in which suit was brought.  Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition.  But this is at best a general rule, and is not adhered to if plaintiff can show good cause for not being required to come to the district where the action is pending.  For example, the examination has been ordered held elsewhere when

> plaintiff was physically and financially unable to come to the forum, when to do so would cause hardship to the plaintiff, and when it would be simpler and fairer to take his or her deposition at his or her place of residence.  The court may order the deposition taken on written interrogatories, when the circumstances are such that this would provide adequate discovery.
>
> The basis for requiring plaintiff to come to the forum for the taking of his or her deposition in most cases is that plaintiff has selected the forum. . . . .  Because of the weight given plaintiff's choice of forum, at least when he or she has had a choice, courts are more willing to protect defendant from having to come to the forum for the taking of his or her deposition than they are in the case of plaintiffs.
>
> The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business.  This customary treatment is subject to modification, however, when justice requires.

8A C. Wright, A. Miller, M. Kane & R. Marcus, Federal Practice and Procedure § 2112, at 533 (3d ed. 2010)(footnotes omitted).  "The party noticing the deposition usually has the right to choose the location.  However, certain ground rules may create obligations or limitations regarding deposition location.  For example, if the party deposed is a plaintiff or its agent, deposition is generally appropriate at the litigation forum."  7 J. Moore, et al., Moore's Federal Practice ¶ 30.20[1][b][ii] (3d ed.1997).

This Court has previously held that, pursuant to basic deposition principles, an L.L.C. plaintiff's owner may be deposed where the trial will be located, because the plaintiff "knew that there was a high likelihood that she would be deposed and that the trial would be in Albuquerque." Res. Assoc. Grant Writing and Evaluation Serv., LLC v. Maberry, No. CIV 08-0552 JB/LAM, 2009 WL 1311465, at *1 (D.N.M. Jan. 16, 2009).  Based on this observation, the Court concluded that "Albuquerque is thus not presumptively an unreasonable site for the deposition."  Id.

Similar principles have led other courts to require that litigants travel to the litigation forum to be deposed.  In Sugarhill Records Ltd. v. Motown Record Corp., 105 F.R.D. 166 (S.D.N.Y.

1985), the United States District Court for the Southern District of New York rejected the defendant's argument that it should be disposed at its principle place of business in California instead of in the litigation forum in New York. The defendants argued in reliance on the "general rule that corporate defendants are deposed at the location of their principal place of business." 105 F.R.D. at 171 (citing Buryan v. Max Factor & Co., 41 F.R.D. 330, 332 (S.D.N.Y. 1967); Haymes v. Columbia Pictures Corp., 16 F.R.D. 118, 123 (S.D.N.Y. 1954)). The district court noted that it had discretion to determine where the deposition would take place, and that the general rule is not without exceptions:

> Corporate defendants are frequently deposed in places other than the location of the principal place of business, especially in the forum, for the convenience of all parties and in the general interests of judicial economy. The location of the deposition is in my discretion. Tomingas [v. Douglas Aircraft Co.], 45 F.R.D. 94, 97 (S.D.N.Y. 1968). In this case, I feel it should be conducted, as noticed, within the forum. Motown is a large corporation and cannot seriously contend that travel on behalf of the corporation by one of its managing agents is unexpected or that such travel to New York for deposition imposes a severe burden on it. See Reliable Volkswagen Sales and Service Co. v. World-wide Automobiles Corp., 26 F.R.D. 592, 594 (D.N.J. 1960). Moreover, Motown does not allege, nor do I think it could, that the absence of Boyce, or another individual witness, from the work place for a brief period imposes a substantial hardship on the corporation. See Tomingas, 45 F.R.D. at 97.

105 F.R.D. at 171.

In Turner v. Prudential Ins. Co. of America, 119 F.R.D. 381, 384 (M.D.N.C. 1988), the United States District Court for the Middle District of North Carolina required a corporate defendant to travel to the litigation forum for deposition because the defendant sold insurance policies there, and could therefore have foreseen being deposed there. See 119 F.R.D. at 384 ("Under these circumstances, plaintiff's request to depose defendant concerning the policy in the state where the policy issued is both reasonable and expected, and defendant's claim of hardship in having to submit itself, through its officers, for deposition in the forum district is entitled to less sympathetic

consideration.").

Other federal courts have required agents of corporate plaintiffs to travel to the district where the plaintiffs brought the suit. In <u>Mercantum (U.S.) Corp. v. Chilean Line Inc.</u>, No. 90 Civ. 1103 (KTD), 1991 WL 143492 (S.D.N.Y. July 23, 1991), the district court required an officer of a foreign corporate plaintiff to travel to New York to be deposed. The court reasoned:

> Although the Court recognizes that it may be inconvenient for Mr. Christovao III to attend a deposition in the United States, his principal residence is in Queens, New York, he does travel to the United States for other reasons and <u>as the president and director of the corporate plaintiffs he must be prepared to make himself available in the jurisdiction where plaintiffs chose to bring this action</u>.

1991 WL 143492, at *2 (emphasis added).

Similarly, the Court has discretion to determine where depositions will take place. Radian Asset has not shown physical and financial inability, or other hardship. Because Radian Asset did business in the forum, chose the litigation forum, knew the trial would take place here, and could reasonably have foreseen being deposed here, and for the reasons stated on the record at the hearing, the Court orders that Radian Asset's officers, employees, and officers shall travel to Albuquerque for their depositions. Regarding former employees, the Court guides the parties to consider who will represent the person at the deposition. If Radian Asset will represent the person at the deposition, and insist that it has an attorney-client relationship with the former employee and that it will be the one through whom the deposition is set up, then the former employee should travel to Albuquerque for the deposition. If, however, the employee left under bad circumstances, or is not represented by Radian Asset, and Radian Asset has no control over the former employee, then the person is a true third party witness, and CSF will have to travel to the witness's location to depose him or her.

**IT IS ORDERED** that: (i) both Defendant Christian Brothers of the College of New Mexico

d/b/a the College of Santa Fe ("CSF") and Plaintiff Radian Asset Assurance, Inc. shall strictly adhere to the discovery requirements under rule 26, and CSF shall provide the same level of detail in its disclosures the Court required of Radian Asset; (ii) CSF shall, as part of its initial disclosure: (a) describe each category of damages CSF seeks in detail; (b) state the amount for damages in each category; (c) state how each amount was calculated; (d) disclose the elements or components of each, including the amounts and detail for any attorney fees and costs; (e) identify the witness or witnesses who will have knowledge to testify at trial about that specific damages claim; and (f) identify each document that CSF believes supports a specific damages claim; (iii) CSF shall state the amount of its attorney fees, and update the amount from time to time, but it need not itemize the fees; (iv) the Court extends the date for the production of information about attorney fees for both parties to January 31, 2010; (v) CSF shall produce or privilege log William Arland's documents; (vi) Radian Asset shall have leave to issue fifteen additional interrogatories on CSF and ten on other Defendants; (vii) the parties shall make initial disclosures on CSF's counterclaims by October 29, 2010; (viii) the timeline for Radian Asset's forthcoming dispositive motions shall be as follows: (a) Radian Asset shall file its motion or motions by 5:00 p.m. on October 29, 2010; (b) CSF shall file its response or responses by 5:00 p.m. on November 16, 2010; (c) Radian Asset shall file its reply or replies by November 23, 2010; and (d) the Court will hold a hearing at 9:00 a.m. on November 29, 2010; (ix) regarding expert witnesses, the parties shall: (a) disclose experts and provide expert reports relating to the parties' affirmative claims in support of the Radian Asset's First Amended Complaint and CSF's counterclaims by 5:00 p.m. on January 10, 2011; (b) disclose rule 26(a)(2)(C)(ii) rebuttal expert witnesses and reports by the end of day on January 31, 2011; and (c) the Court extends the deadline for deposing experts to February 25, 2011; and (x) the Court will

keep this case on its June 13, 2011 trailing docket, but will not schedule the trial before June 20, 2011.


_____
UNITED STATES DISTRICT JUDGE


*Counsel*:

Daniel J. O'Friel
Pierre Levy
Aimee Sue Bevan
O'Friel and Levy
Santa Fe, New Mexico

-- and --

Jeffrey R. Brannen
Jeffrey R. Brannen, P.A.
Santa Fe, New Mexico

-- and --

Gavin W. Skok
John D. Lowery
Riddell Williams, P.S.
Seattle, Washington

*Attorneys for the Plaintiff*

Clifford K. Atkinson
Douglas A. Baker
Justin Duke Rodriguez
Atkinson, Thal & Baker, P.C.
Albuquerque, New Mexico

*Attorneys for Defendant College of the Christian Brothers of New Mexico and*
*Christian Brothers of the College of Santa Fe*

-14-

W. Spencer Reid
Benjamin F. Feuchter
Keleher & McLeod, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant Sharon Bain*

Joe L. McClaugherty
Tamara R. Safarik
McClaugherty & Silver, P.C.
Santa Fe, New Mexico

    *Attorneys for Defendant Jerry Brisson*

Michael W. Brennan
Brennan & Sullivan, P.A.
Santa Fe, New Mexico

    *Attorneys for Defendant Mark Lombardi*