## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

RADIAN ASSET ASSURANCE, INC.,

      Plaintiff,

vs.                                                                 No. CIV 09-0885 JB/DJS

COLLEGE OF THE CHRISTIAN BROTHERS OF
NEW MEXICO, known as THE COLLEGE OF
SANTA FE; CHRISTIAN BROTHERS OF THE
COLLEGE OF SANTA FE COMMUNITY d/b/a
THE COLLEGE OF SANTA FE, a New Mexico
corporation; DR. MARK LOMBARDI, an individual;
JERRY BRISSON, an individual, and SHARON
BAIN, an individual,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) the Letter from Gavin W. Skok to the Court

(dated October 21, 2010), filed October 21, 2010 (Doc. 181); (ii) the Letter from Clifford K.

Atkinson, Douglas A. Baker, and Justin D. Rodriguez to the Court (dated October 25, 2010), filed

October 25, 2010 (Doc. 184); (iii) the Letter from Gavin W. Skok to the Court (dated October 25,

2010), filed October 25, 2010 (Doc. 185); (iv) the Letter from Clifford K. Atkinson, Douglas A.

Baker, and Justin D. Rodriguez to the Court (dated October 28, 2010), filed October 28, 2010 (Doc.

191); (v) the Letter from Gavin W. Skok to the Court (dated November 1, 2010), filed November

1, 2010 (Doc. 201); and (iv) the Letter from Clifford K. Atkinson, Douglas A. Baker, and Justin D.

Rodriguez to the Court (dated November 2, 2010), filed November 2, 2010 (Doc. 206).  The Court

held a hearing on November 2, 2010.  The primary issues are: (i) whether the Court should order

Defendant Christian Brothers of the College of New Mexico d/b/a the College of Santa Fe ("CSF")

to take the deposition of Peter Keers, one of Plaintiff Radian Asset Assurance Inc.'s former employees, in New York, because his wife is ill; (ii) whether the Court should order CSF to take the deposition of Heather Willis, another Radian Asset employee, in New York, because she is in the third trimester of her pregnancy; (iii) whether the Court should require CSF to produce copies of tape backups containing electronically stored information ("ESI") to Radian Asset instead of transferring the original tapes to Radian Asset; (iv) whether the Court should order CSF to produce to Radian Asset all ESI that CSF has restored; (v) whether the Court should or can order anything further regarding Defendant Jerry Brisson's hard drive; (vi) whether the Court should order Radian Asset not to designate Kearney Posner, a former Radian Asset employee, as a witness under rule 30(b)(6) of the Federal Rules of Civil Procedure; (vii) whether the Court will allow Radian Asset, if it does not designate Posner as its rule 30(b)(6) witness, to supplement Keers' rule 30(b)(6) testimony with Posner's; and (viii) whether the Court can require Posner and/or Radian Asset to produce all communications between Radian Asset and Posner, including Mr. Sheldon's billings. The Court grants some of the parties' requests and denies others.

## PROCEDURAL BACKGROUND

CSF served a rule 30(b)(6) deposition on Radian Asset on October 15, 2010, listing eleven separate topics of testimony. On October 19, 2010, CSF subpoenaed two former Radian Asset employees for depositions: (i) Keers; and (ii) Posner.

On October 21, 2010, Radian Asset wrote the Court to request its assistance in resolving a dispute regarding the location of depositions involving Keers, whose wife is suffering from a serious medical condition. Radian Asset states that it does not represent Posner and that she is not under its control. Posner is represented by her own counsel, Scott Sheldon. Radian contends that it is

neither possible nor required under the Court's October 19, 2010 rulings for Radian Asset to produce her in New Mexico for deposition. Radian Asset states that it advised CSF's counsel of that position.

According to CSF, there are two remaining issues concerning Posner. The first remaining issue is that Radian Asset has not committed that it will not seek to present rule 30(b)(6) testimony through Posner. CSF's position remains that Radian Asset's rule 30(b)(6) witnesses must be deposed in New Mexico, allegedly in accordance with the Court's order. CSF objects to Radian Asset's attempt to have its cake and eat it too by attempting to convert Posner into a rule 30(b)(6) witness, whose individual deposition the parties have agreed -- based on certain representations -- to take in New York or New Jersey on December 13, 2010. CSF requests that Radian Asset state its position on the matter and that the Court resolve any resulting issue.

The second issue concerning Posner which has not been resolved, according to CSF, is that CSF is seeking all communications between Radian Asset and its counsel, on the one hand, and Mr. Sheldon and/or Posner on the other. These communications would also include Mr. Sheldon's billings, which Mr. Skok has advised Radian Asset is paying. Mr. Sheldon has advised that he will not provide those communications or billings to CSF. CSF has requested Mr. Skok to provide those materials and, to CSF's understanding, Mr. Skok has declined to provide them. Mr. Sheldon also has informed CSF that Posner does not have in her possession any document identified in the Notice of Deposition. See Amended Notice at 4, Exhibit A, filed October 28, 2010 (Doc. 191-2). CSF requests the Court's guidance on this point, inasmuch as the communications and documents may be relevant to the issue of witness bias, and may demonstrate that Radian Asset is controlling Posner and is using Mr. Sheldon -- whom Radian Asset is paying -- to prepare her on certain themes or

concerning particular documents. CSF requests expedited guidance on all of these issues because of the time constraints and notice requirements.

## ANALYSIS

For reasons stated on the record, the Court will order CSF to take Keers deposition in New York City, but Radian Asset must pay the Defendants' counsel attending the deposition for one day of reasonable expenses in New York -- hotel room, three reasonable meals, and two taxi rides, one from the hotel to the deposition site and one from the deposition site back to the hotel -- but no air fare. CSF has agreed to take Willis' deposition in New York City.

The Court will allow CSF to comply with the Court's Memorandum Opinion and Order, filed October 22, 2010 (Doc. 183)("MOO"), by providing the originals or copies of all CSF ESI to Radian Asset, but if CSF provides originals, it may not have them back while this case is ongoing. The Court has already ordered CSF to produce to Radian Asset all ESI that CSF has restored. The Court's order includes all restored data. At the hearing, CSF represented it was continuing to produce the user logs from the hard drives obtained from Laureate pursuant to the Court's MOO. The Court will order CSF to file a letter with the Court stating what steps it took to obtain and identify Brisson's hard drive.

Because Radian Asset may designate anyone it wants as its rule 30(b)(6) witness, including someone over which it exercises no control, the Court will not preclude Radian Asset from designating Posner as its rule 30(b)(6) witness. Radian Asset may designate Posner as its 30(b)(6) representative if it wishes and if she if willing. Rule 30(b)(6) allows an organization to "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6).

Radian Asset states that, if Posner is not its 30(b)(6) representative, and "Posner later gives any additional testimony on those [rule 30(b)(6)] topics that is considered within Radian's general institution knowledge, Radian may need to supplement its Rule 30(b)(6) testimony (just as it could do with any fact witness)." Letter from Gavin W. Skok to the Court at 3 (dated November 1, 2010). The Court is uncertain what Radian Asset means by "supplement," and because the issue is not presently before it, the Court need not resolve the matter. The Court notes, however, that the deposition testimony of 30(b)(6) witnesses binds organizations just as the testimony of a witness binds that witness -- no more and no less. Some district courts have indicated that rule 30(b)(6) deposition testimony has a conclusive effect. See, e.g., Rainey v. Am. Forest and Paper Ass'n, Inc., 26 F. Supp. 2d 82, 96 (D.D.C. 1998)(refusing to consider affidavit that contradicted rule 30(b)(6) deposition). Other courts -- perhaps the majority -- have held the opposite. See, e.g., Credit Corp. v. Legion Ins. Co., 265 F.3d 630, 637 (7th Cir. 2001)(rejecting Rainey v. Am. Forest and Paper Ass'n, Inc.'s approach); Degrado v. Jefferson Pilot Fin. Ins. Co., 2009 WL 279019 at *21 (D.Colo.)("As noted by several courts, the binding effect of the testimony of a Rule 30(b)(6) representative is merely as an evidentiary admission, which may be controverted or explained by a party. It is not a judicial admission, which is conclusive and cannot be withdrawn without leave of court."). A leading treatise takes a similar line. See 8A C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2103 (Supp. 2007)("[T]he testimony of a Rule 30(b)(6) representative, although admissible against the party that designates the representative, is not a judicial admission absolutely binding on that party."); 12B Federal Practice and Procedure: Quick Reference Guide Rule 30(b), at 658 (2008)("Testimony by a Rule 30(b)(6) representative has the effect of an evidentiary admission, but not a judicial admission, and thus may be controverted or

explained by the party"). While the United States Court of Appeals for the Tenth Circuit has not addressed this issue, the weight of authority favors treating rule 30(b)(6) testimony like other testimony. This Court has previously stated that "not giving conclusive effect to rule 30(b)(6) testimony strikes the Court as the wiser approach." Pedroza v. Lomas Auto Mall, Inc., No. CIV07-0591JB/RHS, 2009 WL 1325440, at *8 (D.N.M. April 06, 2009)(Browning, J.). Any fact witness may say one thing at a deposition and another at trial. "If rule 30(b)(6) meant for corporate representatives to be treated differently than other witnesses, presumably the rule would have said so." Pedroza v. Lomas Auto Mall, Inc., 2009 WL 1325440, at *8.

Radian Asset, therefore, will be bound by its 30(b)(6) representatives' deposition testimony, as any witness would be bound by its deposition. Deponents do not have the right to "supplement" their deposition testimony under the Federal Rules of Civil Procedure, and a rule 30(b)(6) witness does not have a right to supplement testimony that other deponents do not have. See Garcia v. Pueblo Country Club, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002).

> Rule [30(e)] cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

Garcia v. Pueblo Country Club, 299 F.3d at 1242 n.5 (10th Cir.2002)(citation and internal quotation marks omitted). Cf. Bouvier v. Northrup Grumman Ship Sys., Inc., 350 Fed.Appx. 917, at *2 (5th Cir. 2009)("Affidavits submitted in opposition to a motion for summary judgment may supplement deposition testimony, but cannot contradict prior testimony without explanation." (citing S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 496 (5th Cir. 1996)); Salvage I Enterprises, Inc. v. Dayton Hudson Corp., 870 F.2d 657, at *2 n.1 (6th Cir. 1989)(stating that, under rule 56, a party has "opportunity to depose its own witnesses and to submit affidavits to clarify and supplement

-6-

deposition testimony").  Moreover, like any other witness that gives testimony, Radian Asset may

be impeached before the factfinder.  A party can impeach its own witness, see Fed. R. Evid. 607,

so Radian Asset can elicit testimony from another witness to impeach itself.  Radian Asset will pay

the price, if any, at trial for inconsistencies in the testimony of its 30(b)(6) witnesses.

Regarding ordering Posner to produce documents, the Court does not have jurisdiction to

order Posner, a third-party witness, to produce documents.  See Fed. R. Civ. P. 45(a)(2)(C)("A

subpoena must issue . . . for production or inspection . . . from the court for the district where the

production or inspection is to be made.").  That power resides in "the court for the district where the

deposition is to be taken," or "where the production or inspection is to be made."  Fed. R. Civ. P.

45(a)(2).  On the other hand, while the Court does not have jurisdiction to order Posner or her

attorney to produce documents, the Court will likely order Radian Asset to produce its

communications with Posner and her attorney, including her billing records, if the issue is presented

on a more complete record; the documents are relevant, but it is not clear that they have been

requested from Radian Asset.  Also, if Radian Asset intends to rely upon a joint prosecution/joint

defense privilege, Radian Asset will need to lay the predicate for such a privilege with careful detail

and provide a comprehensive brief on the existence of such a privilege in this case, analyzing, in

detail, and among other things, the choice-of-law issues.

**IT IS ORDERED** that (i) Defendant Christian Brothers of CSF of New Mexico d/b/a the

College of Santa Fe ("CSF") shall take Peter Keers' individual and rule 30(b)(6) deposition in New

York, but Plaintiff Radian Asset Assurance Inc. shall pay for the Defendants' counsel -- one lawyer

per Defendant -- attending the deposition for one day of reasonable expenses in New York -- hotel

room, three reasonable meals, and two taxi rides, one from the hotel to the deposition site and one

from the deposition site back to the hotel -- but no air fare; (ii) CSF shall take Heather Willis'

deposition in New York; (iii) the Court allows CSF to comply with the Court's October 22, 2010

order by providing the originals or copies of all CSF ESI to Radian Asset, but if CSF provides

originals, it shall not have them back while this case is ongoing; (iv) the Court has already ordered

CSF to produce to Radian Asset all ESI that CSF has restored, and the parties shall discuss with their

ESI experts whether issues remain about CSF disclosing all of the restored ESI; (v) CSF shall file

a letter to Radian Asset with the Court stating what steps it took to find Defendant Jerry Brisson's

hard drive; (vi) Radian Asset may designate Posner as its rule 30(b)(6) witness; (vii) the parties shall

discuss dates for scheduling depositions of CSF's 30(b)(6) representative by the end of business

November 4, 2010, and notify the Court by the end of business on November 5, 2010, whether

issues remain for the Court to resolve; and (viii) Radian Asset shall send a letter to CSF by the end

of business on November 3, 2010, listing which rule 30(b)(6) representatives will address each of

the noticed topics, and CSF shall send a letter to Radian Asset scheduling when Radian Asset should

have each 30(b)(6) witness ready to give his or her deposition testimony.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Daniel J. O'Friel
Pierre Levy
Aimee Sue Bevan
O'Friel and Levy
Santa Fe, New Mexico

-- and --

Jeffrey R. Brannen
Jeffrey R. Brannen, P.A.
Santa Fe, New Mexico

-- and --

Gavin W. Skok
John D. Lowery
Riddell Williams, P.S.
Seattle, Washington

   *Attorneys for the Plaintiff*

Clifford K. Atkinson
Douglas A. Baker
Justin Duke Rodriguez
Atkinson, Thal & Baker, P.C.
Albuquerque, New Mexico

   *Attorneys for Defendant College of the Christian Brothers of New Mexico and*
      *Christian Brothers of CSF of Santa Fe*

W. Spencer Reid
Benjamin F. Feuchter
Keleher & McLeod, P.A.
Albuquerque, New Mexico

   *Attorneys for Defendant Sharon Bain*

Joe L. McClaugherty
Tamara R. Safarik
McClaugherty & Silver, P.C.
Santa Fe, New Mexico

   *Attorneys for Defendant Jerry Brisson*

Michael W. Brennan
Brennan & Sullivan, P.A.
Santa Fe, New Mexico

   *Attorneys for Defendant Mark Lombardi*