UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RADIAN ASSET ASSURANCE INC., a New York corporation,

        Plaintiff,

v.

COLLEGE OF THE CHRISTIAN BROTHERS OF NEW MEXICO, et al.

        Defendants,

CASE No. 09-cv-00885-JB-DJS

### SECOND NOTICE OF VIDEOTAPED DEPOSITION UPON ORAL EXAMINATION PURSUANT TO FED. R. CIV. P. 30(B)(6) OF COLLEGE OF THE CHRISTIAN BROTHERS OF NEW MEXICO a/k/a THE COLLEGE OF SANTA FE

TO:     DEFENDANT COLLEGE OF THE CHRISTIAN BROTHERS OF NEW MEXICO and ATKINSON, THAL & BAKER, P.C., its attorneys

AND TO:     ALL PARTIES & COUNSEL OF RECORD

**YOU, AND EACH OF YOU, WILL PLEASE TAKE NOTICE** that pursuant to Fed. R. Civ. P. 30(b)(6), plaintiff Radian Asset Assurance, Inc. ("Radian") will take the videotaped deposition upon oral examination of Defendant College of the Christian Brothers of New Mexico a/k/a The College of Santa Fe ("College") concerning the topics set forth herein. The deposition shall be taken at the offices of O'Friel and Levy, P.C., 644 Don Gaspar Avenue, Santa Fe, NM 87505, commencing on November 15, 2010 at the hour of 9:00 a.m. and continuing on November 16, November 30, and December 1, 2010 as needed, and before a Notary Public in and for the State of New Mexico or some other officer authorized by law to administer oaths. The deposition will be subject to continuation or adjournment from time to time or place to place until completed, and to be taken on the ground and for the reason that the said witness will give evidence

SECOND NOTICE OF FED.R.CIV.P. 30(b)(6) DEPOSITION
OF COLLEGE OF THE CHRISTIAN BROTHERS OF NEW MEXICO - 1
4848-7425-5111.01



EXHIBIT A

material to the establishment of Radian's case and its defenses.

**Please note that the deposition will be videotaped.**

## TOPICS

### A. Definitions

The following definitions govern and are to be used in interpreting the deposition topics set forth in Section B below:

"College" and "you" shall mean Defendant College of the Christian Brothers of New Mexico known as The College of Santa Fe, or its officers, employees, agents, attorneys, representatives or anyone acting on behalf of and/or with the acquiescence of Defendant.

"Radian" shall mean Plaintiff Radian Asset Assurance Inc. or anyone acting on behalf of and/or with the acquiescence of Radian Asset Assurance Inc., its agents, employees, staff, elected or appointed officials, attorneys, or representatives, including but not limited to all subsidiaries and parent companies of plaintiff Radian Asset Assurance Inc.

"Counterclaims" shall mean all counterclaims asserted by the College in the College of the Christian Brothers of New Mexico known as the College of Santa Fe's Amended Answer to Plaintiff's First Amended Complaint and Counterclaims Against Radian Asset Assurance, Inc. (Dkt. No. 164), filed by you in this action on or about October 15, 2010.

"Bonds" shall mean the $25,000,000 in aggregate principal amount of City of Santa Fe, New Mexico Educational Facilities Refunding and Improvement Revenue Bonds (College of Santa Fe Project), Series 2006, issued on or about September 21, 2006.

"Swap" shall mean the interest rate exchange agreement the College entered into with Royal Bank of Canada in connection with the Bonds.

The "Policies" shall mean collectively: (1) the financial guaranty insurance policy, FMLI-0101-06264-NM (September 21, 2006), issued by Radian guaranteeing in accordance with the terms of the Bond Insurance Policy that Radian would pay principal and interest payments owed on the Bonds if the College defaulted on its obligation to pay such amounts when due; and (2) the financial guaranty insurance policy, FMNI-0431-06264-NY (September 21, 2006), issued by Radian guaranteeing in accordance with the terms of the Swap Insurance Policy that Radian would pay certain obligations of the College under the terms of the Swap if the College defaulted on its obligation to pay such obligations when due.

**B.   Topics for Examination**

Pursuant to FRCP 30(b)(6), it is requested that the College produce for oral examination one or more officers, directors, or managing agents, or other person who consent to testify on its behalf, regarding:

1. The complete factual basis for the College's Second and Twenty-Third Affirmative Defenses (waiver), including but not limited to each fact, witness and document that supports or forms the factual basis for the defenses.

2. The complete factual basis for the College's Third Affirmative Defense (commercially unreasonable), including but not limited to each fact, witness and document that supports or forms the factual basis for the defense.

3. The complete factual basis for the College's Fourth Affirmative Defense (release), including but not limited to each fact, witness and document that supports or forms the factual basis for the defense.

4. The complete factual basis for the College's Fifth Affirmative Defense (estoppel, laches and/or unclean hands), including but not limited to each fact, witness and document that supports or forms the factual basis for the defense.

5. The complete factual basis for the College's Tenth Affirmative Defense (comparative fault), including but not limited to each fact, witness and document that supports or forms the factual basis for the defense.

6. The complete factual basis for the College's Eleventh Affirmative Defense (independent intervening cause), including but not limited to each fact, witness and document that supports or forms the factual basis for the defense.

7. The complete factual basis for the College's Twelfth Affirmative Defense (comparative negligence), including but not limited to each fact, witness and document that supports or forms the factual basis for the defense.

8. The complete factual basis for the College's Fourteenth Affirmative Defense (failure to mitigate damages), including but not limited to each fact, witness and document that supports or forms the factual basis for the defense.

9. The complete factual basis for the College's Seventeenth and Eighteenth Affirmative Defenses (ultra vires acts, independent contractor), including but not limited to each fact, witness and document that supports or forms the factual basis for the defenses.

10. The complete factual basis for the College's Nineteenth Affirmative Defense (impossibility or impracticability), including but not limited to each fact, witness and document that supports or forms the factual basis for the defense.

11. The complete factual basis for the College's Twentieth Affirmative Defense (collusive settlement), including but not limited to each fact, witness and document that supports or forms the factual basis for the defense.

12. The complete factual basis for the College's Twenty-First Affirmative Defense (assumption of risk), including but not limited to each fact, witness and document that supports or forms the factual basis for the defense.

13. The complete factual basis for the College's Twenty-Second Affirmative Defense (failure to perform conditions precedent), including but not limited to each fact, witness and document that supports or forms the factual basis for the defense.

14. The complete factual basis for the College's Twenty-Fourth Affirmative Defense (volunteer), including but not limited to each fact, witness and document that supports or forms the factual basis for the defense.

15. The complete factual basis for the College's Twenty-Fifth and Twenty-Ninth Affirmative Defenses (Radian is not a bondholder and has no standing), including but not limited to each fact, witness and document that supports or forms the factual basis for the defenses.

16. The complete factual basis for the College's Twenty-Seventh Affirmative Defense (Radian was an insider), including but not limited to each fact, witness and document that supports or forms the factual basis for the defense.

17. The complete factual basis for the College's Thirtieth Affirmative Defense (release of RBC releases College), including but not limited to each fact, witness and document that supports or forms the factual basis for the defense.

18. The complete factual basis for the College's First Cause of Action in the Counterclaims (Unfair Insurance Practices Act), including but not limited to each fact, witness and document that supports or forms the factual basis for that cause of action.

19. The complete factual basis for the College's Second Cause of Action in the Counterclaims (Unfair Practices Act), including but not limited to each fact, witness and document that supports or forms the factual basis for that cause of action.

20. The complete factual basis for the College's Third Cause of Action in the Counterclaims (fraudulent inducement), including but not limited to each fact, witness and document that supports or forms the factual basis for that cause of action.

21. The complete factual basis for the College's Fourth Cause of Action in the Counterclaims (breach of implied covenant of good faith and fair dealing), including but not limited to each fact, witness and document that supports or forms the factual basis for that cause of action.

22. The complete factual basis for the College's Fifth Cause of Action in the Counterclaims (violation of duty to treat its insured's interests equal to its own), including but not limited to each fact, witness and document that supports or forms the factual basis for that cause of action.

23. The complete factual basis for the College's Sixth Cause of Action in the Counterclaims (prima facie tort), including but not limited to each fact, witness and document that supports or forms the factual basis for that cause of action.

24. Any reliance by the College upon Radian or representations by or about Radian in connection with obtaining the Policies, including but not limited to the reliance pled in the Counterclaims, e.g., at paragraphs 5 & 30, and including but not limited to identification of the representations, the person(s) making them and the person(s) who relied on them.

25. Any reliance by the College upon RBC in connection with the issuance of the Bonds, entering the Swap, or obtaining the Policies, including but not limited to the reliance pled in the Counterclaims, e.g., at paragraphs 5 & 13, and including but not limited to identification of the representations, the person(s) making them and the person(s) who relied on them.

26. Any misrepresentations or omissions of material fact that you contend Radian made to the College in connection with the Bonds, the Swap or the Policies, including but not limited to each fact, witness and document that supports or forms the factual basis for that contention.

27. The complete factual basis for the College's allegations in paragraphs 33 & 34 of the Counterclaims that the College's assets were sufficient to cover its prior debts on bonds without new debt and that without the new indebtedness the College may have been able to continue in existence or at least would have been able to pay its debts by selling its assets, including but not limited to each fact, witness and document that supports or forms the factual basis for that allegation.

28. All actions taken by Radian from 2007 to 2009 that you contend detrimentally affected the College, including but not limited to as alleged in paragraph 38 of the Counterclaims, and including but not limited to each fact, witness and document that supports or forms the factual basis for that allegation.

29. All effects on the College of any change or withdrawal of Radian's rating from a credit rating agency at any time after the Policies were issued, including but not limited to as alleged in the Counterclaims at paragraphs 39-41.

30. All effects on the College, if any, of the two letters attached as Exhibits A and B to the Counterclaims and any similar demands or statements or tolling agreements by Radian, including but not limited to as alleged in paragraphs 43 and 51-59 of the Counterclaims.

31. All opportunities that you contend Radian had to mitigate its damages with respect to the Policies and Radian's actions or failures to do so, including but not limited to with respect to the proposals and negotiations alleged in paragraphs 65-67 of the Counterclaims.

In addition, Radian shall at that time take the College's testimony on these following topics from the May 4, 2010 Amended Notice of Rule 30(b)(6) Deposition to College of Santa Fe, which have not yet been testified to by the College (topic numbers from the May 4, 2010 Amended Notice, attachment references refer to attachments to the Amended Notice previously served):

1. The College's actions and role in issuing and selling the Bonds.

2. The actions and roles of persons or entities other than the College in issuing and selling the Bonds, including but not limited to any division of responsibilities and the College's understanding of each such person's or entity's role and responsibilities.

3. The College's actions and role in drafting and reviewing the Official Statement and any of the Bond Documents, including but not limited to any efforts by the College to ensure that the Official Statement and other Bond Documents made true, accurate and complete disclosure of material facts.

4. The actions and roles of persons or entities other than the College in drafting and reviewing the Official Statement and any of the Bond Documents, including but not limited to any division of responsibilities and the College's understanding of each such person's or entity's role and responsibilities.

5. The College's actions and role in seeking or obtaining the Policies, including but not limited to all representations made to Radian by or on behalf of the College to persuade Radian to issue the Bond Policy and/or the Swap Policy.

6. The actions and roles of persons or entities other than the College in seeking or obtaining the Policies, including but not limited to any division of responsibilities and the College's understanding of each such person's or entity's role and responsibilities.

9. The College's review and understanding of the Radian Commitment Letters, including but is not limited to, the College's understanding of any conditions of Radian's commitments and its intent and understanding in executing the Commitment Letters.

10. The College's understanding of the "Official Statement Certification" on page 71 of the Official Statement and its intent in executing the "Official Statement Certification."

11. The College's understanding of the "Omnibus Certificate of the College of the Christian Brothers of New Mexico, Known as College of Santa Fe" included in the Bond Documents, its intent in executing that Certificate, and the College's knowledge at the time of execution of the accuracy and completeness of certifications made therein. A copy of that Certificate is attached hereto for the College's reference as Exhibit C.

12. The College's understanding of the "Certificate of College Regarding Interest Rate Exchange Agreement" included in the Bond Documents, its intent in executing that Certificate, and the College's knowledge at the time of execution of the accuracy and completeness of certifications made therein. A copy of that Certificate is attached hereto for the College's reference as Exhibit D.

13. The College's understanding of the "Certificate of College of Santa Fe Required by Insurer" included in the Bond Documents, its intent in executing that Certificate, and the College's knowledge at the time of execution of the accuracy and completeness of certifications made therein. A copy of that Certificate is attached hereto for the College's reference as Exhibit E.

16. The preparation, review, drafting and discussion of the Material Events Notice.

19. Any communications between the College and Radian Asset Assurance regarding the Material Events Notice or the events or matters discussed therein.

20. The factual basis for the College's request to Sharon Bain that she resign, and consideration and discussion of that request by the College and anyone else.

21. All communications between the College and its auditors regarding any audit or review of the College's Fiscal Years 2005 and 2006, including but not limited to communications regarding any of the matters set forth or referred to in the Material Events Notice.

Dated this 2nd day of November, 2010.

_____
Gavin W. Skok, Esquire
John D. Lowery, Esquire
RIDDELL WILLIAMS. P.S.
1001 4th Ave., Suite 4500
Seattle, WA 98154-1192
(206) 624-3600

Jeffrey R. Brannen, Esquire
COMEAU, MALDEGEN, TEMPLEMAN &
INDALL, LLP
PO Box 669
Santa Fe, NM 87504-0669
(505) 982-4611

Daniel J. O'Friel, Esquire
Aimee Bevan, Esquire
O'FRIEL and LEVY, P.C.
Post Office Box 2084
Santa Fe, New Mexico 87504-2084
(505) 982-5929

*Attorneys for Radian Asset Assurance Inc.*