IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RADIAN ASSET ASSURANCE, INC.,

        Plaintiff,

vs.                                                                                                  No. CIV 09-0885 JB/DJS

COLLEGE OF THE CHRISTIAN BROTHERS OF
NEW MEXICO, known as THE COLLEGE OF
SANTA FE; CHRISTIAN BROTHERS OF THE
COLLEGE OF SANTA FE COMMUNITY d/b/a
THE COLLEGE OF SANTA FE, a New Mexico
corporation; DR. MARK LOMBARDI, an individual;
JERRY BRISSON, an individual, and SHARON
BAIN, an individual,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Letter from Gavin W. Skok to the Court (dated November 5, 2010), filed November 5, 2010 (Doc. 220); and (ii) the Letter from Clifford K. Atkinson, Douglas A. Baker, and Justin D. Rodriguez to the Court (dated November 7, 2010), filed November 7, 2010 (Doc. 222).  The Court held a hearing on November 8, 2010.  The primary issues are: (i) on what date Plaintiff Radian Asset Assurance, Inc. can continue with its deposition of Defendant Christian Brothers of the College of New Mexico d/b/a the College of Santa Fe ("CSF") under rule 30(b)(6) of the Federal Rules of Civil Procedure; (ii) whether Radian Asset should be limited to seven hours each to depose CSF's rule 30(b)(6) representatives; (iii) whether the Court should extend the expert deadlines; and (iv) whether Peter Keers, Radian Asset's 30(b)6) representative, should be able to attend CSF's deposition of Radian Asset's other witnesses.  The Court orders that: (i) Radian Asset will continue the 30(b)(6) deposition of CSF on January 18,

2011; (ii) Radian Asset may request that the Court continue its 30(b)(6) deposition of CSF at the end of the day of its deposition, and CSF should be prepared for the Court to continue the deposition for a total of three days; (iii) the Court will extend the expert discovery deadlines; and (iv) Keers may attend the depositions of Radian Asset's other witnesses.

## **PROCEDURAL BACKGROUND**

Radian Asset served its original notice of rule 30(b)(6) deposition on CSF on March 8, 2010. At CSF's request, Radian Asset agreed to defer that deposition until May, 2010. On May 4, CSF sent Radian Asset a letter identifying fifteen different designees to speak on the topics in Radian Asset's rule 30(b)(6) notice. CSF produced two of those designees in May 2010 for deposition on some of the topics in Radian Asset's notice. CSF did not, however, at that time produce designees to testify to twelve topics in Radian Asset's original rule 30(b)(6) notice, stating that it anticipated Defendant Mark Lombardi and Defendant Jerry Brisson would testify to some or all of those topics (with additional designees filling in any gaps), and that such testimony could be taken in conjunction with the individual depositions of those parties. After new counsel appeared for CSF, Radian Asset requested the opportunity to take rule 30(b)(6) deposition testimony from Lombardi and Brisson at the same time as their individual depositions in early September. CSF declined. Radian Asset served a new notice of rule 30(b)(6) deposition on CSF on November 2, 2010, to: (i) renew its request for testimony on the prior topics for which CSF had not yet produced designees; and (ii) take discovery on CSF's new counterclaims and affirmative defenses.

CSF filed its Amended Answer on October 15, 2010, which includes thirty-one affirmative defenses and a twenty-one-page counterclaim containing 103 paragraphs of allegations and six new causes of action covering a period of time from early 2006 through late 2009. See Doc. 164. In

addition to completing testimony on the topics Radian Asset first noticed in March 2010, Radian Asset's 30(b)(6) notice seeks testimony on: (i) the factual basis for CSF's six new claims against Radian Asset; (ii) the factual basis for eight specific factual allegations in the counterclaims; and (iii) the factual basis for certain of CSF's affirmative defenses.

    The parties met and conferred on November 4, 2010, to discuss scheduling depositions of CSF's rule 30(b)(6) representatives. At the meeting, CSF asserted that it was unavailable any day before the discovery cutoff on December 17, 2010. CSF stated, rather, that Radian Asset should take its rule 30(b)(6) deposition during the week of Christmas, on December 21 or 22, 2010. CSF also told Radian Asset that it would be producing only one or two designees for Radian Asset's rule 30(b)(6) topics. CSF believed that it would not be producing Brisson or Lombardi as its designees. CSF argues that Radian Asset should be limited to seven hours total for each designee, such that, if CSF produces one designee, then Radian Asset would be limited to seven hours for all of its topics -- including the twelve topics for which thirteen other witnesses had previously been designated, and those topics addressing CSF's six counterclaims and twenty of its thirty-one affirmative defenses. Radian Asset argues that, according to CSF's time limits, Radian Asset would have less than ten minutes per subject of the notice -- which Radian Asset argues is insufficient time to ask what their witness did to prepare, much less what he says about the substance of the topic.

    On November 5, 2010, Radian Asset wrote to the Court requesting that the Court allow Radian Asset to continue its rule 30(b)(6) deposition of CSF in early January 2011, that it be allowed more than seven hours to depose each of CSF's 30(b)(6) representatives, and that the Court extend the expert deadlines to accommodate scheduling depositions after the December 17, 2010, discovery cutoff. Radian Asset also requests that the Court allow Keers, its rule 30(b)(6) representative, to

attend CSF's depositions of other Radian Asset witnesses. On November 7, 2010, CSF wrote the Court, responding to Radian Asset's letter. CSF argues that Radian Asset should be required to continue deposing CSF's 30(b)(6) representatives on December 20 and/or 21, 2010 -- depending on the number of representatives CSF produces -- and that Radian Asset should be limited to seven hours per representative. CSF does not object to extending the expert deadlines, but argues that the trial date should be extended to August 2011 if the expert deadlines are extended.

## ANALYSIS

Radian Asset argues its 30(b)(6) deposition of CSF should continue in early January 2011 and that there is good cause to allow Radian Asset more than seven hours to depose each CSF representative. CSF argues that early January is inconvenient and that Radian Asset has not shown good cause why it should be permitted more than seven hours per witness. Radian Asset also argues that Keers, its 30(b)(6) representative, should be allowed to attend CSF's depositions of Radian Asset's other witnesses. CSF opposes allowing Keers to attend the other depositions. The Court orders the parties to continue Radian Asset's 30(b)(6) deposition of CSF on January 18, 2011, but the Court will not order that Radian Asset is permitted more than seven hours per representative at this time. The Court also orders that Keers will be permitted to attend CSF's deposition of other Radian Asset witnesses.

**I.     THE COURT ORDERS RADIAN ASSET TO CONTINUE ITS RULE 30(b)(6) DEPOSITION OF CSF ON JANUARY 18, 2011.**

Radian Asset requests two rulings regarding continuing its rule 30(b)(6) deposition of CSF. First, because CSF is unavailable before the discovery cutoff, Radian Asset requests that the Court allow Radian Asset to complete its rule 30(b)(6) deposition of CSF after the December 17, 2010 discovery cutoff. To avoid conducting the depositions during the holidays, Radian Asset proposes

that the Court allow Radian Asset to complete CSF's rule 30(b)(6) deposition in early January and requests that the Court order CSF to make its designees available for that deposition before January 12, 2011. To accommodate that extension, Radian Asset requests that the Court extend the case-in-chief expert disclosure deadline to January 31, 2011 (currently January 10, 2010); the rebuttal expert disclosure deadline to February 20, 2011 (currently January 31, 2010); and the expert deposition cutoff to March 15, 2011 (currently February 25, 2010).

    Second, Radian Asset asks the Court to order that the rule 30(b)(6) deposition of CSF shall end when it is completed and that it not be limited to seven hours. Radian Asset argues that the matters to be covered are highly complex and will include questioning about numerous documents. Radian Asset contends that it must question CSF from two perspectives: as a plaintiff on the remaining topics and as a defendant against the broad counterclaims. Radian Asset asserts that CSF's counterclaims and affirmative defenses cover a broad period of time -- spanning over four years -- and concern the conduct of several parties. As a result, Radian Asset argues, CSF's attempt to limit Radian Asset to seven hours of questioning is unfair and prejudicial to Radian Asset, because it leaves little time for Radian Asset to inquire into the twelve prior topics about which CSF has not yet testified, the six new counterclaims, the eight key factual allegations from the counterclaims, and the twenty of CSF's thirty-one affirmative defenses requiring additional discovery. Radian Asset argues that these factors establish good cause to permit CSF's rule 30(b)(6) deposition to continue until its completion, even if that goes beyond seven hours, and that allowing Radian Asset sufficient time to complete the deposition returns the parties to parity in discovery, because CSF has set aside three days for the deposition of Radian Asset's three rule 30(b)(6) designees.

CSF argues that senior counsel for CSF have previously planned vacation trips and other professional engagements during January 4 to 12, 2011. CSF further argues that Radian Asset has not indicated that it is unavailable December 21 and 22, 2010, and CSF contends that Radian Asset merely prefers an extra two to three weeks to prepare for its 30(b)(6) deposition of CSF. CSF requests that the Court order that the continuation of the 30(b)(6) deposition be taken on December 21 and/or 22, depending on how many representatives CSF produces.

CSF further argues that the Court should not grant Radian Asset an unlimited amount of time to complete its 30(b)(6) depositions. CSF argues that the request: (i) was not made at the time that the Scheduling Order was prepared; (ii) could not be complied with within the current discovery schedule; (iii) would provide a different set of rules for Radian Asset's discovery than the rules applicable to all other parties; and (iv) that Radian Asset has not made a good-faith effort to complete the 30(b)(6) deposition within the time provided in the Scheduling Order or shown good cause that the additional deposition time is necessary, as the federal rules require. CSF further argues that Radian Asset makes this request after it has spent two days deposing CSF on 30(b)(6) topics it had included in its initial notice, and that Radian Asset should not be permitted to add thirty-one new topics and use that to justify needing more time. Radian Asset cannot now contend that the case is too complex for it to abide by time limits that the Federal Rules of Civil Procedure provides, CSF argues, when all other parties were required to deal with these same complexities within the time frames that the rules establish. CSF further asserts that the information Radian Asset seeks is already within its possession, because Radian Asset knows about its prior acts, which are the substance of the counterclaims. For these reasons, CSF argues that the Court should require Radian Asset to complete the deposition in the time period that the rules and the Scheduling Order

allot.  CSF does not object to extending the expert deadlines, but contends that, if these deadlines are extended, the trial should not be earlier than August 2011.

For the reasons stated on the record at the hearing, the Court orders that Radian Asset will continue its 30(b)(6) deposition of CSF on January 18, 2011.  The Court confirmed that CSF could not make its witnesses available before the discovery cutoff; accordingly, there is no sound reason to force Radian Asset to conduct the depositions when it is convenient for CSF but not for Radian Asset.  January 18, 2011 is also after CSF's vacation and scheduling conflicts.  The Court will not, at this time, grant Radian Asset more than seven hours for each of CSF representatives, but the parties should set aside three days for the deposition, and Radian Asset may request that the Court continue the deposition at the end of each day of the deposition, as necessary.  The Court will make itself available if the parties cannot agree to extend the deposition.  The Court extends the case-in-chief expert disclosure deadline to February 7, 2011, the rebuttal expert disclosure deadline to February 28, 2011, and the expert deposition cutoff to March 29, 2011.  The Court also extends the deadline for the parties to file pretrial motions, other than discovery motions, to April 18, 2010.  The parties and the Court will have a motion hearing at 9:00 a.m. on May 25, 2011.  These extensions should not effect the other deadlines.  This schedule will keep the parties on the Court's June 13, 2010 trailing docket, with the understanding that the Court will not schedule the trial before June 20, 2011.[1]

## II. RADIAN ASSET'S 30(b)(6) REPRESENTATIVE IS ALLOWED TO ATTEND CSF'S DEPOSITIONS OF RADIAN ASSET'S OTHER WITNESSES.

Radian Asset has designated Keers, a former employee, to testify on Radian Asset's behalf

---

[1] At the hearing, both parties agreed to these dates.

on three of CSF's 30(b)(6) topics on December 16 and 17, 2010.  As part of Mr. Keers' preparation for that testimony, Radian Asset requests that the Court recognize Radian Asset's right to have Mr. Keers attend CSF's depositions of Radian Asset's other witnesses.  Radian Asset contends that, if there were additional time between the depositions, Keers could prepare for his 30(b)(6) by reading the deposition transcripts.  Radian Asset contends that the short time between the two depositions, however, would likely prevent Keers from obtaining and reviewing a transcript to prepare for his rule 30(b)(6) testimony.

Radian Asset argues that its request is ordinary and routine.  Radian Asset further contends that, as a 30(b)(6) designee, Keers is the equivalent of a party, and a party's right to attend a deposition is undisputed.  Radian Asset notes that other parties have attended depositions in this case and contends that Keers should be similarly permitted to attend the depositions of other witnesses, particularly because Radian Asset is required to adequately prepare Mr. Keers to testify as to the company's knowledge.

CSF argues that it does not believe allowing Radian Asset's representative to attend other witnesses' deposition is appropriate.  CSF therefore requests the Court to order Keers' 30(b)(6) deposition held before CSF deposes Radian Asset's other witnesses: Keers 30(b)(6) deposition on December 13, 2010; Posner on December 14, 2010; and Heather Willis on December 15, 2010. CSF proposes that it then take Keers' individual deposition on December 16, 2010 (as scheduled), and, if Radian Asset desires, it can take Posner's deposition on December 17, 2010.

For the reasons stated on the record at the hearing, the Court will allow Keers to attend CSF's depositions of Radian Asset's other witnesses.  Rule 30(c)(1) states: "The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence,

except Rules 103 and 615." Fed. R. Civ. P. 30(c)(1)(emphasis added). See Fed. R. Evid. 615 ("At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses . . . ."). The advisory comments explain the purpose of excepting rule 615:

> In addition, the revision addresses a recurring problem as to whether other potential deponents can attend a deposition. Courts have disagreed, some holding that witnesses should be excluded through invocation of Rule 615 of the evidence rules, and others holding that witnesses may attend unless excluded by an order under Rule 26(c)(5). The revision provides that other witnesses are not automatically excluded from a deposition simply by the request of a party. Exclusion, however, can be ordered under Rule 26(c)(5) when appropriate; and, if exclusion is ordered, consideration should be given as to whether the excluded witnesses likewise should be precluded from reading, or being otherwise informed about, the testimony given in the earlier depositions.

Fed. R. Civ. P. 26(c) advisory committee notes to 1993 amendment (emphasis added). See Jones v. Circle K Stores, Inc., 185 F.R.D. 223, 224 (M.D.N.C. 1999)("In 1993, Rule 30(c) of the Federal Rules of Civil Procedure was amended to make clear that deposition witnesses are not subject to sequestration as a matter of course."); Visor v. Sprint/United Management Co., No. CIV.A. 96-K-1730., 1997 WL 567923, at *1 (D. Colo. 1997)("In short, the question is whether party-witnesses can be sequestered during their pretrial depositions at their adversary's request[;] [e]xcept under exceedingly narrow circumstances not established in this case, the answer is an unequivocal 'No.'").

CSF has not shown good cause to issue a protective order under rule 26(c)(1). See Fed. R. Civ. P. 26(c)(1)("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . designating the persons who may be present while the discovery is conducted . . . ."). In In re Terra Int'l, Inc., 134 F.3d 302 (5th Cir. 1998), the United States Court of Appeals for the Fifth Circuit rejected a request "that discovery be conducted with no one present except persons designated by the court":

> Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that "[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978); see also 8 Charles Alan Wright, Arthur R. Miller and Richard L. Marcus, Federal Practice and Procedure § 2035, at 483-86 (2d ed.1994).
>
> In this case, MCC made nothing more than a conclusory allegation that a substantial majority of the fact witnesses in the underlying litigation are employees of Terra and that they will therefore be subject to Terra's influence and will be inclined to protect each other through a sense of "camaraderie." <u>MCC did not support its motion for protective order with any affidavits or other evidence that might provide support for this simple assertion. The district court's entry of the protective order requested by MCC was therefore unsupported by a "particular and specific demonstration of fact" and therefore constituted a clear abuse of discretion.</u> Garrett, 571 F.2d at 1326 n.3. To conclude otherwise would indicate that good cause exists for granting a protective order any time fact witnesses in a case are employed by the same employer or are employed by a party in the case. Such a conclusion is inconsistent with this court's admonition that a district court may not grant a protective order solely on the basis of "stereotyped and conclusory statements." Id.; see also Tuszkiewicz v. Allen Bradley Co., 170 F.R.D. 15, 17 (E.D. Wis. 1996) (denying a request for a protective order based on the fact that several fact witnesses were employed by the defendant and worked together because a finding of good cause based on this showing alone "would surely mandate the same result in all cases in which there was more than one fact witness on an issue and where the movant alleges that prejudice could result"); BCI Comm. Sys., Inc. v. Bell Atlanticom Sys., Inc., 112 F.R.D. 154, 155, 160 (N.D. Ala.1986) (holding that the defendant's allegations regarding the need to preclude plaintiff's witnesses, some of whom were the plaintiff's employees, "from hearing or being exposed to deponents' testimony" did not constitute "anything more than ordinary garden variety or boilerplate 'good cause' facts which will exist in most civil litigation").

134 F.3d at 306-07 (emphasis added). CSF's request to exclude Keers from the deposition of other witnesses is similarly deficient, because CSF "did not support its motion for protective order with any affidavits or other evidence that might provide support" for excluding Keers. In re Terra Int'l, Inc., 134 F.3d at 306. There may be circumstances where excluding witnesses may be necessary, i.e., where a deponent may be intimidated, see Galella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973)(affirming protective order excluding party who harassed the deponent despite court orders),

-10-

where the deposition may "elicit confidential information that could be harmful in the hands of a competitor," Wright, Miller & Marcus, supra, § 2041 (citing Diamond Ventures, LLC v. Barreto, 452 F.3d 892 (D.C. Cir. 2006)), or where it is clear a group of witnesses is trying to get its story down, see Dunlap v. Reading Co., 30 F.R.D. 129, 131–32 (E.D. Padilla. 1962). This case appears to fall within the rule of open depositions rather than some exception requiring a protective order. Here, Keers appears to be attempting to learn about the case, which he could appropriately do by reading the transcripts of the depositions. There is thus no sound reason to exclude him from attending the depositions of Radian Asset's other witnesses.

**IT IS ORDERED** that: (i) Plaintiff Radian Asset Assurance, Inc., shall continue its deposition of Defendant Christian Brothers of the College of New Mexico d/b/a the College of Santa Fe ("CSF") under rule 30(b)(6) of the Federal Rules of Civil Procedure on January 18, 2011, and both parties should clear their calendars for three days to allow the deposition to be continued, if necessary; (ii) Radian Asset may request that the Court continue its deposition of CSF's 30(b)(6) representative or representatives at the end of the day of the deposition, as necessary; (iii) the Court will extend the case-in-chief expert disclosure deadline to February 7, 2011, the rebuttal expert disclosure deadline to February 28, 2011, and the expert deposition cutoff to March 29, 2011; (iv) the Court extends the deadline for the parties to file pretrial motions, other than discovery motions, to April 18, 2010; and (iv) that Peter Keers, Radian Asset's rule 30(b)(6) representative, shall be permitted to attend CSF's deposition of Radian Asset's other witnesses.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Daniel J. O'Friel
Pierre Levy
Aimee Sue Bevan
O'Friel and Levy
Santa Fe, New Mexico

*-- and --*

Jeffrey R. Brannen
Jeffrey R. Brannen, P.A.
Santa Fe, New Mexico

*-- and --*

Gavin W. Skok
John D. Lowery
Riddell Williams, P.S.
Seattle, Washington

    *Attorneys for the Plaintiff*

Clifford K. Atkinson
Douglas A. Baker
Justin Duke Rodriguez
Atkinson, Thal & Baker, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant College of the Christian Brothers of New Mexico and*
       *Christian Brothers of the College of Santa Fe*

W. Spencer Reid
Benjamin F. Feuchter
Keleher & McLeod, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant Sharon Bain*

Joe L. McClaugherty
Tamara R. Safarik
McClaugherty & Silver, P.C.
Santa Fe, New Mexico

>   *Attorneys for Defendant Jerry Brisson*

Michael W. Brennan
Brennan & Sullivan, P.A.
Santa Fe, New Mexico

>   *Attorneys for Defendant Mark Lombardi*