IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RADIAN ASSET ASSURANCE, INC.,
a New York corporation,

       Plaintiff,

vs.                                                     No. CIV 09-0885 JB/DJS

COLLEGE OF THE CHRISTIAN BROTHERS OF
NEW MEXICO, known as THE COLLEGE OF
SANTA FE; CHRISTIAN BROTHERS OF THE
COLLEGE OF SANTA FE COMMUNITY d/b/a
THE COLLEGE OF SANTA FE, a New Mexico
corporation; DR. MARK LOMBARDI, an individual;
JERRY BRISSON, an individual, and SHARON
BAIN, an individual,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant College of the Christian Brothers of New Mexico's Motion for Protective Order and Supporting Memorandum, filed November 16, 2010 (Doc. 230)("Motion"). The Court held a hearing on December 28, 2010. The primary issue is whether the Court should enter a protective order directing that, in taking the deposition of Defendant College of the Christian Brothers of New Mexico's representative, pursuant to rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Radian Asset Assurance, Inc. shall not inquire into topic Nos. 2-3, 9, 13-14, and 18-23 of Radian Asset's rule 30(b)(6) deposition notice, served on Defendant College of the Christian Brothers of New Mexico d/b/a the College of Santa Fe ("College") on November 2, 2010. See Second Notice of Videotaped Deposition upon Oral Examination Pursuant to Fed. R. Civ. P. 30(b)(6) of College of the Christian Brothers of New Mexico a/k/a the College of Santa Fe, filed November 16, 2010 (Doc. 230-1)("30(b)(6) Notice").

Because the Court does not believe it should fashion a rule that precludes any contention question at a rule 30(b)(6) deposition, the Court denies the motion for a protective order.

## PROCEDURAL BACKGROUND

On November 16, 2010, Plaintiff Radian Asset Assurance, Inc., served the College its 30(b)(6) Notice.  The 30(b)(6) Notice included fifty-two topics, including the following eleven to which the College objects:

> 2.   The complete factual basis for the College's Third Affirmative Defense (commercially unreasonable), including but not limited to each fact, witness and document that supports or forms the factual basis for the defense.
>
> 3.   The complete factual basis for the College's Fourth Affirmative Defense (release), including but not limited to each fact, witness and document that supports or forms the factual basis for the defense.
>
> . . . .
>
> 9.   The complete factual basis for the College's Seventeenth and Eighteenth Affirmative Defenses (ultra vires acts, independent contractor), including but not limited to each fact, witness and document that supports or forms the factual basis for the defenses.
>
> . . . .
>
> 13.   The complete factual basis for the College's Twenty-Second Affirmative Defense (failure to perform conditions precedent), including but not limited to each fact, witness and document that supports or forms the factual basis for the defense.
>
> 14.   The complete factual basis for the College's Twenty-Fourth Affirmative Defense (volunteer), including but not limited to each fact, witness and document that supports or forms the factual basis for the defense.
>
> . . . .
>
> 18.   The complete factual basis for the College's First Cause of Action in the Counterclaims (Unfair Insurance Practices Act), including but not limited to each fact, witness and document that supports or forms the factual basis for that cause of action.
>
> 19.   The complete factual basis for the College's Second Cause of Action in

the Counterclaims (Unfair Practices Act), including but not limited to each fact, witness and document that supports or forms the factual basis for that cause of action.

20. The complete factual basis for the College's Third Cause of Action in the Counterclaims (fraudulent inducement), including but not limited to each fact, witness and document that supports or forms the factual basis for that cause of action.

21. The complete factual basis for the College's Fourth Cause of Action in the Counterclaims (breach of implied covenant of good faith and fair dealing), including but not limited to each fact, witness and document that supports or forms the factual basis for that cause of action.

22. The complete factual basis for the College's Fifth Cause of Action in the Counterclaims (violation of duty to treat its insured's interests equal to its own), including but not limited to each fact, witness and document that supports or forms the factual basis for that cause of action.

23. The complete factual basis for the College's Sixth Cause of Action in the Counterclaims (prima facie tort), including but not limited to each fact, witness and document that supports or forms the factual basis for that cause of action.

30(b)(6) Notice  Nos. 2-3, 9, 13-14, 18-23, at 3-6.

The College moves the Court, pursuant to rule 26(c), for a protective order. The College contends that topic Nos. 2-3, 9, 13-14, and 18-23 are requests which seek essentially all facts and documents in any way supporting CSF's affirmative defenses and counterclaims. CSF contends that the requests are overly broad, unduly burdensome, seek duplicative discovery, and designate matters that are inappropriate for rule 30(b)(6) purposes, i.e., attorney-work product, legal opinions and/or conclusion and expert testimony. The College argues that the topics, to the extent they are proper, are "more appropriately the subject of contention interrogatories," and are duplicative of contention interrogatories that Radian Asset has served on the College.

Radian Asset opposes the College's Motion. On December 7, 2010, Radian Asset filed its Memorandum in Opposition to Defendant College of Santa Fe's Motion for Protective Order. See

Doc. 274. Radian Asset responds that rule 30(b)(6) depositions are appropriate vehicles for exploring the factual basis for a party's claims, counterclaims, affirmative defenses, and other legal positions. Radian Asset asserts that it has engaged in an efficient two-step process, in which it first served contention interrogatories and now seeks to use rule 30(b)(6) witness to test and supplement the facts the College stated in its answers to the contention interrogatories.

## ANALYSIS

The College argues that Radian Asset seeks to discover contentions and legal theories through the College's 30(b)(6) representative, which the College asserts is improper. Radian Asset seeks to inquire about "the complete factual basis for the College's" affirmative defenses and counterclaims. See, e.g., 30(b)(6) Notice Nos. 2-3, 9, 13-14, 18-23, at 3-6. The College argues that "depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means." JPMorgan Chase Bank v. Liberty Mut. Ins. Co., 209 F.R.D. 361, 362 (S.D.N.Y. 2002)(denying plaintiff's 30(b)(6) discovery request for "defendants' mental impressions, conclusions, opinions, and legal theory" under "the guise of requesting 'facts'" that were "irrelevant to any material fact issue in this case").

Courts have split whether to allow parties to use 30(b)(6) depositions to explore facts underlying legal claims and theories. Compare JPMorgan Chase Bank v. Liberty Mut. Ins. Co., 209 F.R.D. at 362 (denying discovery request seeking "defendants' mental impressions, conclusions, opinions, and legal theory") and SEC v. Morelli, 143 F.R.D. 42, 47 (S.D.N.Y. 1992)(asserting that "the proposed Rule 30(b)(6) deposition constitutes an impermissible attempt by defendant to inquire into the mental processes and strategies of the SEC"); with EEOC v. Caesars Entm't, Inc., 237 F.R.D. 428, 432-34 (D. Nev. 2006)(denying "defendant's request for a protective order to limit the

scope of Rule 30(b)(6) deposition questioning to preclude inquiry into the factual bases for defendant's asserted position statements and affirmative defenses"), and In Re Vitamins Antitrust Litigation, 216 F.R.D. 168, 171-74 (D.D.C. 2003)(allowing 30(b)(6) facts and admissions in corporation's antitrust submission to European Commission, stating: "Bioproducts argument that the Rule 30(b)(6) discovery is unnecessary and duplicative is without merit."). The Court believes that the better rule is to allow parties to craft rule 30(b)(6) inquires similar to contention interrogatories, because this rule will ultimately lead to fewer disputes about what subject matter is permitted in 30(b)(6) depositions and advances the policy underlying the rules favoring disclosure of information. If the Court limits rule 30(b)(6) depositions the way that the College suggests, courts would have to referee endless disputes about what is permitted and what is not. Moreover, rule 30(b)(6)'s plain language does not limit the deposition as the College states. See Fed. R. Civ. P. 30(b)(6)("The persons designated must testify about information known or reasonably available to the organization."). Rule 26(b)(1) states that "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 30(b)(6) is not "otherwise limited," but unlimited. Furthermore, the federal rules do not require parties to conduct discovery in a particular sequence: "Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice[,] . . . methods of discovery may be used in any sequence . . . ." Fed. R. Civ. P. 26(d)(2)(A). The College does not have to produce information that is protected by the attorney-client privilege or the work-product doctrine, but the other areas appear to be fair game, and to limit the 30(b)(6) deposition as the College suggests would lead to endless disputes and undercut the utility of this important device against corporations. The Court sees no great problem with allowing overlap between the sorts of information obtained through contention

interrogatories and 30(b)(6) depositions.  While counsel will have to carefully prepare the 30(b)(6) representative, counsel must always do so.  Moreover, the 30(b)(6) representative will have counsel present to protect privileged matters.  The Court therefore denies the Motion.

**IT IS ORDERED** that Defendant College of the Christian Brothers of New Mexico's Motion for Protective Order and Supporting Memorandum, filed November 16, 2010 (Doc. 230), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Daniel J. O'Friel
Pierre Levy
Aimee Sue Bevan
O'Friel and Levy
Santa Fe, New Mexico

*-- and --*

Jeffrey R. Brannen
Jeffrey R. Brannen, P.A.
Santa Fe, New Mexico

*-- and --*

Gavin W. Skok
John D. Lowery
Riddell Williams, P.S.
Seattle, Washington

     *Attorneys for the Plaintiff*

Clifford K. Atkinson
Douglas A. Baker
Justin Duke Rodriguez
Atkinson, Thal & Baker, P.C.
Albuquerque, New Mexico

>*Attorneys for Defendant College of the Christian Brothers of New Mexico and
Christian Brothers of the College of Santa Fe*

W. Spencer Reid
Benjamin F. Feuchter
Keleher & McLeod, P.A.
Albuquerque, New Mexico

>*Attorneys for Defendant Sharon Bain*

Joe L. McClaugherty
Tamara R. Safarik
McClaugherty & Silver, P.C.
Santa Fe, New Mexico

>*Attorneys for Defendant Jerry Brisson*

Michael W. Brennan
Brennan & Sullivan, P.A.
Santa Fe, New Mexico

>*Attorneys for Defendant Mark Lombardi*